**Sean N. Egan (# 7191)**
seannegan@sneganlaw.com
South Temple Tower – Suite 1505
136 East South Temple
Salt Lake City, Utah   84111-1152
Telephone:   (801) 363-5181

*Attorney for Defendants Tech Finance, LLC*
*and Everett "Leigh" Dorand*

## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF UTAH

| | |
|---|---|
| 100 MOUNT HOLLY BYPASS, LLC; MILES TECHNOLOGIES, INC. and CHRISTOPHER MILES,<br><br>Plaintiffs,<br><br>vs.<br><br>AXOS BANK; GREGORY BARRABRANTS; BARRY GORDON, JR.; KRISTIN PHILLIPS; JEFF PISTORIUS; TECH EQUIPMENT FINANCE, LLC; EVERETT DORAND aka LEIGH DORAND, et al.,<br><br>Defendants. | **DORAND'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND CROSSCLAIM AGAINST AXOS BANK**<br><br><br>Case No. 2:20-CV-00856-TS<br><br>Judge Ted Stewart |

COME NOW defendants Tech Equipment Finance, LLC and Everett "Leigh" Dorand (collectively "Dorand") to answer the allegations of plaintiffs 100 Mount Holly Bypass, LLC, Miles Technology, Inc. and Christopher Miles ("plaintiffs") as follows:

## JURISDICTION AND VENUE

1.      The allegations set forth in paragraph 1 of plaintiffs' Amended Complaint assert legal conclusions to which no response is required.   To the extent a response is required, Dorand denies said allegations.

2.      The allegations set forth in paragraph 2 of plaintiffs' Amended Complaint assert legal conclusions to which no response is required.   To the extent a response is required, Dorand denies said allegations.

## THE PARTIES

3.      Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 3 of plaintiffs' Amended Complaint and therefore denies them.

4.      Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 4 of plaintiffs' Amended Complaint and therefore denies them.

5.      Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 5 of plaintiffs' Amended Complaint and therefore denies them.

6.      The allegations set forth in paragraph 6 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

7.      The allegations set forth in paragraph 7 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

8.      The allegations set forth in paragraph 8 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

9.      The allegations set forth in paragraph 9 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

10.      Dorand denies the allegations set forth in paragraph 10 of plaintiffs' Amended Complaint.

11.      Dorand denies the allegations set forth in paragraph 11 of plaintiffs' Amended Complaint.

12.      The allegations set forth in paragraph 12 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

13.      The allegations set forth in paragraph 13 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

14.      The allegations set forth in paragraph 14 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

15.     The allegations set forth in paragraph 15 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

## FACTUAL BACKGROUND

16.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 16 of plaintiffs' Amended Complaint and therefore denies them.

17.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 17 of plaintiffs' Amended Complaint and therefore denies them.

18.     Dorand denies the allegations set forth in paragraph 18 of plaintiffs' Amended Complaint.

19.     Dorand denies the allegations set forth in paragraph 19 of plaintiffs' Amended Complaint.

20.     The allegations set forth in paragraph 20 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

21.     Dorand denies the allegations set forth in paragraph 21 of plaintiffs' Amended Complaint.

22.     The allegations set forth in paragraph 22 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

23.     Dorand denies the allegations set forth in paragraph 23 of plaintiffs' Amended Complaint.

24.     The allegations set forth in paragraph 24 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

25.     Dorand denies the allegations set forth in paragraph 25 of plaintiffs' Amended Complaint.

26.     Dorand denies the allegations set forth in paragraph 26 of plaintiffs' Amended Complaint.

27.     The allegations set forth in paragraph 27 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

28.     The allegations set forth in paragraph 28 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

29.     The allegations set forth in paragraph 29 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

30.     The allegations set forth in paragraph 30 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

31.    The allegations set forth in paragraph 31 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.  To the extent a response is required, Dorand denies the allegations.

32.    Dorand denies the allegations set forth in paragraph 32 of plaintiffs' Amended Complaint.

33.    Dorand denies the allegations set forth in paragraph 33 of plaintiffs' Amended Complaint.

34.    Dorand denies the allegations set forth in paragraph 34 of plaintiffs' Amended Complaint.

35.    The allegations set forth in paragraph 35 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.  To the extent a response is required, Dorand denies the allegations.

36.    Dorand denies the allegations set forth in paragraph 36 of plaintiffs' Amended Complaint.

37.    Dorand denies the allegations set forth in paragraph 37 of plaintiffs' Amended Complaint.

38.    The allegations set forth in paragraph 38 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.  To the extent a response is required, Dorand denies the allegations.

39.    Dorand denies the allegations set forth in paragraph 39 of plaintiffs' Amended Complaint.

40.     Dorand denies the allegations set forth in paragraph 40 of plaintiffs' Amended Complaint.

41.     Dorand denies the allegations set forth in paragraph 41 of plaintiffs' Amended Complaint.

42.     Dorand denies the allegations set forth in paragraph 42 of plaintiffs' Amended Complaint.

43.     Dorand denies the allegations set forth in paragraph 43 of plaintiffs' Amended Complaint.

44.     Dorand denies the allegations set forth in paragraph 44 of plaintiffs' Amended Complaint.

45.     Dorand denies the allegations set forth in paragraph 45 of plaintiffs' Amended Complaint.

46.     Dorand denies the allegations set forth in paragraph 46 of plaintiffs' Amended Complaint.

47.     The allegations set forth in paragraph 47 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

48.     Dorand denies the allegations set forth in paragraph 48 of plaintiffs' Amended Complaint.

49.     Dorand denies the allegations set forth in paragraph 49 of plaintiffs' Amended Complaint.

50.     The allegations set forth in paragraph 50 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

51.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 51 of plaintiffs' Amended Complaint and therefore denies them.

52.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 52 of plaintiffs' Amended Complaint and therefore denies them.

53.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 53 of plaintiffs' Amended Complaint and therefore denies them.

54.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 54 of plaintiffs' Amended Complaint and therefore denies them.

55.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 55 of plaintiffs' Amended Complaint and therefore denies them.

56.     The allegations set forth in paragraph 56 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

57.     The allegations set forth in paragraph 57 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations

58.     The allegations set forth in paragraph 58 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required,

Dorand denies the allegations. The allegations set forth in paragraph 58 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.  To the extent a response is required, Dorand denies the allegations.

59.     The allegations set forth in paragraph 59 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.  To the extent a response is required, Dorand denies the allegations.

60.     The allegations set forth in paragraph 60 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.  To the extent a response is required, Dorand denies the allegations.

61.     The allegations set forth in paragraph 61 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.  To the extent a response is required, Dorand denies the allegations.

62.     The allegations set forth in paragraph 62 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.  To the extent a response is required, Dorand denies the allegations.

63.     The allegations set forth in paragraph 63 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.  To the extent a response is required, Dorand denies the allegations.

64.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 64 of plaintiffs' Amended Complaint and therefore denies them.

65.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 65 of plaintiffs' Amended Complaint and therefore denies them.

66.     The allegations set forth in paragraph 66 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

67.     The allegations set forth in paragraph 67 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

68.     The allegations set forth in paragraph 68 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

69.     The allegations set forth in paragraph 69 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

70.     The allegations set forth in paragraph 70 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

71.     The allegations set forth in paragraph 71 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

72.     The allegations set forth in paragraph 72 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

73.     The allegations set forth in paragraph 73 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

74.     The allegations set forth in paragraph 74 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

75.     Dorand denies the allegations set forth in paragraph 75 of plaintiffs' Amended Complaint.

76.     The allegations set forth in paragraph 76 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

77.     The allegations set forth in paragraph 77 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

78.     The allegations set forth in paragraph 78 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

79.     The allegations set forth in paragraph 79 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

80.     The allegations set forth in paragraph 80 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

81.     The allegations set forth in paragraph 81 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

82.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 82 of plaintiffs' Amended Complaint and therefore denies them.

83.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 83 of plaintiffs' Amended Complaint and therefore denies them.

84.     The allegations set forth in paragraph 84 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

85.     The allegations set forth in paragraph 85 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

86.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 86 of plaintiffs' Amended Complaint and therefore denies them.

Answer and Crossclaim                                  12

87.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 87 of plaintiffs' Amended Complaint and therefore denies them.

88.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 88 of plaintiffs' Amended Complaint and therefore denies them.

89.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 89 of plaintiffs' Amended Complaint and therefore denies them.

90.     The allegations set forth in paragraph 90 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

91.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 91 of plaintiffs' Amended Complaint and therefore denies them.

92.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 92 of plaintiffs' Amended Complaint and therefore denies them.

93.     Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 93 of plaintiffs' Amended Complaint and therefore denies them.

94.     The allegations set forth in paragraph 94 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

95.     The allegations set forth in paragraph 95 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

Answer and Crossclaim                                   13

96.     The allegations set forth in paragraph 96 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

97.     The allegations set forth in paragraph 97 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

98.     The allegations set forth in paragraph 98 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

99.     The allegations set forth in paragraph 99 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

100.     The allegations set forth in paragraph 100 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

101.     The allegations set forth in paragraph 101 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

102.     The allegations set forth in paragraph 102 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

103.     The allegations set forth in paragraph 103 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

104.     The allegations set forth in paragraph 104 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

105.     The allegations set forth in paragraph 105 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

106.     The allegations set forth in paragraph 106 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

107.     Dorand denies the allegations set forth in paragraph 107 of plaintiffs' Amended Complaint.

108.     The allegations set forth in paragraph 108 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

109.     The allegations set forth in paragraph 109 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

110.    The allegations set forth in paragraph 110 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

111.    The allegations set forth in paragraph 111 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

112.    Dorand denies the allegations set forth in paragraph 112 of plaintiffs' Amended Complaint.

113.    The allegations set forth in paragraph 113 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

114.    The allegations set forth in paragraph 114 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

115.    The allegations set forth in paragraph 115 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

116.    Dorand denies the allegations set forth in paragraph 116 of plaintiffs' Amended Complaint.

117.    Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 117 of plaintiffs' Amended Complaint and therefore denies them.

118.    The allegations set forth in paragraph 118 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

119.    The allegations set forth in paragraph 119 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

120.    The allegations set forth in paragraph 120 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

121.    Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 121 of plaintiffs' Amended Complaint and therefore denies them.

122.    Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 122 of plaintiffs' Amended Complaint and therefore denies them.

123.    Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 123 of plaintiffs' Amended Complaint and therefore denies them.

124.    Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 124 of plaintiffs' Amended Complaint and therefore denies them.

125.    Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 125 of plaintiffs' Amended Complaint and therefore denies them.

126.    The allegations set forth in paragraph 126 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

127.    The allegations set forth in paragraph 127 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

128.    Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 128 of plaintiffs' Amended Complaint and therefore denies them.

129.    Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 129 of plaintiffs' Amended Complaint and therefore denies them.

130.    Dorand denies the allegations set forth in paragraph 130 of plaintiffs' Amended Complaint.

131.    Dorand is without sufficient information to admit or deny the allegations set forth in paragraph 131 of plaintiffs' Amended Complaint and therefore denies them.

132.    Dorand denies the allegations set forth in paragraph 132 of plaintiffs' Amended Complaint.

133.    Dorand denies the allegations set forth in paragraph 133 of plaintiffs' Amended Complaint.

134.    Dorand denies the allegations set forth in paragraph 134 of plaintiffs' Amended Complaint.

135.    Dorand denies the allegations set forth in paragraph 135 of plaintiffs' Amended Complaint.

## COUNT I

136.    Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 135 of plaintiffs' Amended Complaint.

137.    Dorand denies the allegations set forth in paragraph 137 of plaintiffs' Amended Complaint.

138.    Dorand denies the allegations set forth in paragraph 138 of plaintiffs' Amended Complaint.

139.    Dorand denies the allegations set forth in paragraph 139 of plaintiffs' Amended Complaint.

140.    Dorand denies the allegations set forth in paragraph 140 of plaintiffs' Amended Complaint.

## COUNT II

141.    Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 140 of plaintiffs' Amended Complaint.

142.     Dorand denies the allegations set forth in paragraph 142 of plaintiffs' Amended Complaint.

143.    Dorand denies the allegations set forth in paragraph 143 of plaintiffs' Amended Complaint.

144.    Dorand denies the allegations set forth in paragraph 144 of plaintiffs' Amended Complaint.

145.    Dorand denies the allegations set forth in paragraph 145 of plaintiffs' Amended Complaint.

## COUNT III

146.    Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 145 of plaintiffs' Amended Complaint.

147.    Dorand denies the allegations set forth in paragraph 147 of plaintiffs' Amended Complaint.

148.    Dorand denies the allegations set forth in paragraph 148 of plaintiffs' Amended Complaint.

149.    Dorand denies the allegations set forth in paragraph 149 of plaintiffs' Amended Complaint.

150.    Dorand denies the allegations set forth in paragraph 150 of plaintiffs' Amended Complaint.

151.    Dorand denies the allegations set forth in paragraph 151 of plaintiffs' Amended Complaint.

152.    Dorand denies the allegations set forth in paragraph 152 of plaintiffs' Amended Complaint.

153.    Dorand denies the allegations set forth in paragraph 153 of plaintiffs' Amended Complaint.

## <u>COUNT IV</u>

154.     Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 145 of plaintiffs' Amended Complaint.

155.     Dorand denies the allegations set forth in paragraph 155 of plaintiffs' Amended Complaint.

156.     Dorand denies the allegations set forth in paragraph 156 of plaintiffs' Amended Complaint.

157.     Dorand denies the allegations set forth in paragraph 157 of plaintiffs' Amended Complaint.

158.     Dorand denies the allegations set forth in paragraph 158 of plaintiffs' Amended Complaint.

159.     Dorand denies the allegations set forth in paragraph 159 of plaintiffs' Amended Complaint.

## <u>COUNT V</u>

160.     Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 159 of plaintiffs' Amended Complaint.

161.     Dorand denies the allegations set forth in paragraph 161 of plaintiffs' Amended Complaint.

162.     Dorand denies the allegations set forth in paragraph 162 of plaintiffs' Amended Complaint.

163.    Dorand denies the allegations set forth in paragraph 163 of plaintiffs' Amended Complaint.

164.    Dorand denies the allegations set forth in paragraph 164 of plaintiffs' Amended Complaint.

165.    Dorand denies the allegations set forth in paragraph 165 of plaintiffs' Amended Complaint.

166.    Dorand denies the allegations set forth in paragraph 166 of plaintiffs' Amended Complaint.

## COUNT VI

167.    Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 166 of plaintiffs' Amended Complaint.

168.    Dorand denies the allegations set forth in paragraph 168 of plaintiffs' Amended Complaint.

169.    Dorand denies the allegations set forth in paragraph 169 of plaintiffs' Amended Complaint.

170.    Dorand denies the allegations set forth in paragraph 170 of plaintiffs' Amended Complaint.

171.    Dorand denies the allegations set forth in paragraph 171 of plaintiffs' Amended Complaint.

172.    Dorand denies the allegations set forth in paragraph 172 of plaintiffs' Amended Complaint.

Answer and Crossclaim                                    22

173.     Dorand denies the allegations set forth in paragraph 173 of plaintiffs' Amended Complaint.

## COUNT VII

174.     Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 173 of plaintiffs' Amended Complaint.

175.     The allegations set forth in paragraph 175 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

176.     The allegations set forth in paragraph 176 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

177.     The allegations set forth in paragraph 177 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

## COUNT VIII

178.     Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 177 of plaintiffs' Amended Complaint.

179.     The allegations set forth in paragraph 179 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

180.     The allegations set forth in paragraph 180 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

181.     The allegations set forth in paragraph 181 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

## COUNT IX

182.     Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 181 of plaintiffs' Amended Complaint.

183.     The allegations set forth in paragraph 183 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

184.     The allegations set forth in paragraph 184 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

185.     The allegations set forth in paragraph 185 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

186.     The allegations set forth in paragraph 186 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

Answer and Crossclaim                                    24

187.     The allegations set forth in paragraph 187 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

188.     The allegations set forth in paragraph 188 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

## COUNT X

189.     Dorand repeats, realleges and incorporates by reference herein his answers to the allegations set forth in paragraphs 1 through 188 of plaintiffs' Amended Complaint.

190.     The allegations set forth in paragraph 190 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

191.     The allegations set forth in paragraph 191 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

192.     The allegations set forth in paragraph 192 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

193.     The allegations set forth in paragraph 193 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

194.     The allegations set forth in paragraph 194 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

195.     The allegations set forth in paragraph 195 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

196.     The allegations set forth in paragraph 196 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

197.     The allegations set forth in paragraph 197 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

198.     The allegations set forth in paragraph 198 of plaintiffs' Amended Complaint do not pertain to Dorand and therefore no response is required.   To the extent a response is required, Dorand denies the allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrines of waiver, estoppel and unclean hands.

**<u>Third Affirmative Defense</u>**

Plaintiffs' damages, if any, are subject to offset or other reduction based upon Plaintiffs' own conduct.

**<u>Fourth Affirmative Defense</u>**

Plaintiffs' claims are barred by the doctrines of accord and satisfaction.

**<u>Fifth Affirmative Defense</u>**

Plaintiffs' claims are barred, in whole or in part, by the contributory negligence of plaintiffs.

**<u>Sixth Affirmative Defense</u>**

Plaintiffs' claims are barred by the doctrines of laches.

**<u>Seventh Affirmative Defenses</u>**

Plaintiffs' damages, if any, are the result of persons not under the control or supervision of Dorand.

**<u>Eighth Affirmative Defense</u>**

Plaintiffs' damages, if any, are the result of acts or omissions by plaintiffs.

**<u>Ninth Affirmative Defense</u>**

Plaintiffs' claims are barred by the election of remedies doctrine.

**<u>Tenth Affirmative Defense</u>**

All acts or omissions of Dorand were undertaken in good faith, without malice or recklessness, and were fully justified and reasonable under the circumstance.

Answer and Crossclaim                                    27

### Eleventh Affirmative Defense

Plaintiffs' claims are barred to the extent they are based upon unenforceable or invalid agreements.

### Twelfth Affirmative Defense

Plaintiffs' Amended Complaint has been brought in bad faith.   Pursuant to U.C.A. § 78B-5-825, Dorand is entitled to recover his attorney's fees incurred in the defense of this action.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations including U.C.A. §§ 78B-5-305 and 307.

### Fourteenth Affirmative Defense

To the extent the claims in the Amended Complaint may be governed by the Utah Liability Reform Act, each defendant's liability, if any, is limited to the percentage or proportion of the damages equivalent to the percentage or proportion of fault attributable to each of them, particularly.   Pursuant to U.C.A. § 78B-5-817 to 821, if such fault exceeds that of plaintiffs, and the fault of all other persons or parties should be apportioned including, but not limited to, the fault of each plaintiff and/or others, and if plaintiffs' fault exceeds 50% or greater then plaintiffs should take nothing.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because plaintiff is not permitted to profit from its own inequity.

Answer and Crossclaim                              28

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred because plaintiffs are not an adequate representative of the Company's interest.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred because plaintiff lack standing to press their claims in this case.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred by its failure to plead a direct injury.

### Nineteenth Affirmative Defense

Dorand makes his answers to the Amended Complaint based upon information reasonably known to him at this time.   Dorand reserves the right to amend any or all of his responses herein including, but not limited to, any admissions or denials, the addition or elimination of affirmative defenses as they may become known to Dorand.

### Twentieth Affirmative Defense

The Amended Complaint is barred, in whole or in part, by modification.

### Twenty-First Affirmative Defense

The Amended Complaint is barred, in whole or in part, by consent, justification or ratification.

### Twenty-Second Affirmative Defense

The Amended Complaint is barred, in whole or in part, by the economic loss rule.

## Twenty-Third Affirmative Defense

The Amended Complaint is barred, in whole or in part, by virtue of the maxim that one who seeks equity must first do equity.

## Twenty-Fourth Affirmative Defense

The Amended Complaint is barred, in whole or in part, by one or more material breaches of contract, implied covenant of good faith and fair dealing and/or fiduciary duty.

## Twenty-Fifth Affirmative Defense

The Amended Complaint is barred, in whole or in part, by the allegations asserted in support of the Amended Complaint.

## Twenty-Sixth Affirmative Defense

The Amended Complaint is barred, in whole or in part, by one or more violations of the company's articles of organization and/or operating agreement.

## Twenty-Seventh Affirmative Defense

The Amended Complaint is barred, in whole or in part, by release.

## Twenty-Eighth Affirmative Defense

The Amended Complaint is barred, in whole or in part, by the statute of frauds and/or the parol evidence rule.

## Twenty-Ninth Affirmative Defense

The Amended Complaint is barred, in whole or in part, because it is not brought by the real party-in-interest.

## Thirtieth Affirmative Defense

The Amended Complaint is barred, in whole or in part, by the business judgment rule.

## Thirty-First Affirmative Defense

The Amended Complaint is barred, in whole or in part, by one or more provisions of the Utah Revised Uniform Limited Liability Company Act, Utah Code Ann. § 3a-1 to -1405 (the "Act").

## Thirty-Second Affirmative Defense

Nothing in this answer is intended to, and it shall not, operate as a waiver or restriction of any kind to defendant making timely elections under the Act if it chooses to do so.

## Thirty-Third Affirmative Defense

The Amended Complaint is barred, in whole or in part, because one or more claims it asserts seeks relief for actual or threatened injury that is the result of an injury suffered or threatened to be suffered by the limited liability company, barred by Utah Code Ann. § 48-3a-801(1)-(2).

## Thirty-Fourth Affirmative Defense

The Amended Complaint is barred, in whole or in part, because one or more claims it asserts seeks relief for actual or threatened injury to plaintiffs, and so is derivative in nature and cannot be asserted as a direct claim.

## Thirty-Fifth Affirmative Defense

Any allegations not otherwise denied herein and above are expressly denied.

WHEREFORE, defendants respectfully request that this Court enter the following relief:

1.      That plaintiffs take nothing from their Amended Complaint and that their Amended Complaint be dismissed with prejudice;

2.      That this Court award defendants any and all costs and fees, including reasonable attorney's fees, necessitated by the defense of this action; and

3.      That this Court award defendants any and all other relief it may deem just and proper.

## CROSSCLAIM AGAINST AXOS BANK

COME NOW crossclaim plaintiffs Tech Equipment Finance, LLC and Everett "Leigh" Dorand (collectively "Dorand") to crossclaim and allege against crossclaim defendant Axos Bank ("Axos") as follows:

## PARTIES

1.      Dorand is a resident of Clark County, Nevada.

2.      Tech Equipment Finance, LLC is an Arizona limited liability company with its principal place of business in Clark County, Nevada.

3.      Axos Bank is a Delaware corporation which conducts business in Salt Lake County, Utah.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441.

## BACKGROUND ALLEGATIONS

6.      During all relevant times Dorand brokered leasing of energy efficient equipment and products.   In that capacity, Dorand came into contact with banks and other lending institutions who were interested in financing such transactions.

7.      Dorand participated in arranging for the lease of certain energy efficient equipment by plaintiffs 100 Mount Holly Bypass, LLC, Miles Technologies Inc. and Christopher Miles.

8.      Dorand assisted plaintiffs in obtaining lease financing from Axos Bank.

9.      In connection with that transaction, Dorand and Axos signed a "Master Broker Agreement" that laid out the duties and responsibilities of the parties in connection with the financing of lease transactions.   A copy of this Master Broker Agreement is attached hereto as Exhibit 1.

10.     Pursuant to Schedule A to the Master Broker Agreement, Dorand was to receive 1.5% of lessor's final property cost, in this case approximately $ 47,655.00.   A copy of this Schedule A is attached hereto as Exhibit 2.

11.     Dorand has performed all of his obligations under the Master Broker Agreement and Schedule A.   However, Axos has failed to pay the full commission due and owing.   It still owes Dorand $ 24,655.00.

12.     Consequently, Axos is in breach of this agreement.

## COUNT I

### (Breach of Contract)

13.     Dorand repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 12 of his Crossclaim.

14.     The Master Broker Agreement and Schedule A are valid and binding agreements among the parties.

15.     As a result of the conduct alleged herein, Axos has breached these agreements.

16.     As a result of these breaches, Dorand has been damaged in an amount to be proven at trial.

## COUNT II

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

17.     Dorand repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 16 of his Crossclaim.

18.     The agreement between Dorand and Axos has an implied covenant of good faith and fair dealing that the parties will act in good faith towards and deal fairly with each other so as to realize the benefits of their agreement.

19.     As a result of the conduct alleged herein, Axos has breached this agreement.

20.     As a result of this breach, Dorand has been damaged in an amount to be proven at trial.

Answer and Crossclaim                              34

## **COUNT III**

### **(Unjust Enrichment)**

21.     Dorand repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 20 of his Crossclaim.

22.     Dorand provided a benefit to Axos which Axos was aware of and for which Axos has not compensated Dorand.

23.     It would be unjust to allow Axos to retain the benefit provided by Dorand without compensating him for it.

24.     As a result, Dorand respectfully requests an order requiring Axos to pay $ 24,650 plus interest, fees and costs as compensation for the benefit he provided Axos.

WHEREFORE, Dorand respectfully prays for the following relief:

1.     With respect to Count I, damages in an amount to be proven at trial;

2.     With respect to Count II, damages in an amount to be proven at trial;

3.     With respect to Count III, damages in an amount to be proven at trial;

4.     All pre- and post-judgment interest as may be allowed under law;

5.     All costs and fees, including reasonable attorney's fees, necessitated by the brining of this action; and

6.     All other relief this Court may deem just and proper.

## **RELIANCE ON JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Dorand respectfully gives notice that they are relying upon

the demand for a jury made by plaintiffs.

RESPECTFULLY SUBMITTED this 6th day of August, 2021.


By   /s/ Sean N. Egan
Sean N. Egan
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of August, 2021, a copy of **DORAND'S**

**ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND CROSSCLAIM AGAINST**

**AXOS BANK** was served upon the person(s) named below, by electronically filing a true and

correct copy with the Clerk of the Court, using the Pacer ECF system, which sent notification to

the following:

| | |
|---|---|
| **Heidi G. Goebel, Esq.**<br>**Sam Meziani, Esq.**<br>**GOEBEL ANDERSON, PC**<br>405 South Main Street, Suite 200<br>Salt Lake City, UT   84111<br>hgoebel@gapclaw.com<br>smezian@gapclaw.com | **Gregory S. Roberts, Esq.**<br>**RAY QUINNEY & NEBEKER, PC**<br>36 South State Street, Suite 1400<br>P.O. Box 45385<br>Salt Lake City, Utah   84145-0385<br>groberts@rqn.com |
| **Edward T. Kang, Esq.**<br>**Gregory H. Mathews, Esq.**<br>**Susan Moon O, Esq.**<br>**KANG HAGGERTY**<br>123 So. Broad Street, Suite 1670<br>Philadelphia, PA   19109<br>eking@khflaw.com<br>gmathews@khflaw.com<br>so@kanghaggerty.com | **Robert Tee Spjute, Esq.**<br>**SHUMWAY·VAN**<br>8 East Broadway, Suite 550<br>Salt Lake City, Utah   84111<br>tee@shumwayvan.com |

By _____ */s/ Sean N. Egan* _____