IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NEW JERSEY CLEAN ENERGY SOLUTIONS d/b/a SOLAR EXPERTS,<br><br>          Counter-Claimant,<br><br>v.<br><br>100 MOUNT HOLLY BYPASS, MILES TECHNOLOGIES, and CHRISTOPHER MILES,<br><br>          Counter-Defendants.<br><br>―――――――――――――――<br><br>NEW JERSEY CLEAN ENERGY SOLUTIONS d/b/a SOLAR EXPERTS,<br><br>          Cross-Claimant,<br><br>v.<br><br>AXOS BANK,<br><br>          Cross-Defendant. | MEMORANDUM DECISION AND ORDER ON MOTIONS TO DISMISS<br><br><br>Case No. 2:20-CV-856-TS-CMR<br><br>District Judge Ted Stewart |

100 Mount Holly Bypass, LLC; Miles Technologies; and Christopher Miles (collectively "Counter-Defendants") sued various defendants for their roles in an allegedly fraudulent equipment leasing scheme.[1] Defendant New Jersey Clean Energy Solutions, LLC d/b/a Solar Experts ("Solar Experts") filed several state-law counterclaims and crossclaims.[2] Counter-Defendants and Cross-Defendant Axos Bank ("Axos") filed motions to dismiss some of these

―――――――――――

[1] Am. Compl., Docket No. 50.

[2] Solar Experts' Answer, Docket No. 72 at 26–33.

claims.[3] For the reasons below, Counter-Defendants' motion will be granted in part and denied in part. Axos' motion will be granted in full.

## I.    BACKGROUND

The court accepts the facts as set forth by Solar Experts for purposes of these motions.[4]

Solar Experts is a New Jersey LLC with its business address in New Jersey. 100 Mount Holly Bypass, LLC is a New Jersey LLC and Miles Technologies is a New Jersey corporation, both with business addresses in New Jersey. New Jersey resident Christopher Miles is the sole member of 100 Mount Holly Bypass and President of Miles Technologies. Axos is a federally chartered Federal Savings Association and a wholly owned subsidiary of Axos Financial, Inc., a Delaware corporation with corporate headquarters in Nevada. Axos maintains an office in Cottonwood Heights, Utah.

Counter-Defendants entered into an agreement with Solar Experts on July 24, 2019 (the "Solar Agreement"), in which Solar Experts agreed to provide Counter-Defendants a solar electric system (the "System") for a total purchase price of $3,819,700.[5] To fund the purchase, Counter-Defendants entered into several agreements with Axos including a "Master Progress Funding Agreement" (the "Funding Agreement").[6] Under the Funding Agreement, Axos would pay the costs of purchase and installation of the System at intervals, conditional on Counter-Defendants' acceptance of the progress on the System and their authorization of payment.

Solar Experts alleges that it installed the System as contemplated in the Solar Agreement. Counter-Defendants authorized several payments by Axos to Solar Experts during the installation

---

[3] Counter-Defendants' Mot., Docket No. 76; Axos' Mot., Docket No. 78.

[4] Solar Experts' Answer at 26–28.

[5] Solar Agreement, Solar Experts' Answer Ex. 1, Docket No. 72 at 37–42.

[6] Funding Agreement, Am. Compl. Ex. 14, Docket No. 50-14.

period but refused to approve the final payment of approximately $995,000, claiming that the System was defective.[7] Solar Experts demanded payment from Axos but Axos refused to pay. The total amount allegedly due has since been reduced to $830,000 pursuant to a settlement agreement in a separate New Jersey case.

Counter-Defendants filed their lawsuit in this court on December 4, 2020[8] and an amended complaint on February 24, 2021.[9] Solar Experts' answer included various state-law counterclaims and crossclaims.[10] Counter-Defendants have moved to dismiss Solar Experts' counterclaims for breach of the implied covenant of good faith and fair dealing and unjust enrichment.[11] Axos has moved to dismiss Solar Experts' crossclaims for enforcement of the Solar Agreement as a third-party beneficiary, declaratory judgment, and tortious interference with contract.[12]

## II.     LEGAL STANDARD

When evaluating a complaint under Rule 12(b)(6), the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[13] The plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[14] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[15] "A pleading that offers 'labels and conclusions'

---

[7] *See* Am. Compl., Docket No. 50.

[8] Docket No. 2.

[9] Docket No. 50.

[10] Solar Experts' Answer at 26–33.

[11] Counter-Defendants' Mot., Docket No. 76.

[12] Axos' Mot., Docket No. 78.

[13] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16]

In considering a motion to dismiss, a district court considers the complaint, any attached exhibits,[17] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[18] The court may also consider other documents "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[19]

### III.    DISCUSSION

#### A.  Choice of Law

Jurisdiction in this case is based on a federal question under 28 U.S.C. § 1331 and 18 U.S.C. § 1962,[20] with supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367. A federal court exercising supplemental jurisdiction over state-law claims applies the choice-of-law rules of the forum state.[21] The law of the forum state also determines how a claim is characterized—*i.e.*, contract, tort, or restitution—for choice-of-law purposes.[22] Because this court's forum state is Utah, the court applies Utah's choice-of-law principles.

---

[16] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[17] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[18] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[19] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[20] Am. Compl. ¶ 1, Docket No. 50.

[21] *BancOklahoma Mortg. Corp. v. Cap. Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999).

[22] Restatement (Second) of Conflict of Laws § 124.

Where a contract contains a choice-of-law provision, Utah law applies the substantive law of the chosen jurisdiction.[23] Here, the Solar Agreement contains a New Jersey choice of law provision,[24] so New Jersey law governs Solar Experts' counterclaim for breach of the implied covenant of good faith and fair dealing. The Funding Agreement expressly incorporates the Master Lease Agreement, which identifies Utah law as governing,[25] so Utah law governs Solar Experts' crossclaim to enforce the Funding Agreement as a third-party beneficiary.

For other types of claims, Utah courts apply the "most significant relationship" test from the Restatement (Second) of Conflict of Laws.[26] To determine which state "has the most significant relationship to the occurrence and the parties"[27] the court considers the place where the relationship between the parties is centered; the parties' domiciles, residences, places of business, etc.; the place of injury or enrichment; the place of conduct causing the injury or enrichment; and, for actions in restitution, the place where a physical thing substantially related to the enrichment was situated at the time of the enrichment.[28] As to Solar Experts' counterclaim for unjust enrichment, New Jersey indisputably has the most significant relationship—it is the domicile of Solar Experts and all Counter-Defendants as well as the location of the alleged unjust enrichment (installation of the System) and the System itself. Thus, the court will evaluate that claim under New Jersey law. As to Solar Experts' crossclaim for tortious interference with contract, the court need not determine

---

[23] *1600 Barberry Lane 8 LLC v. Cottonwood Residential O.P. LP*, 2021 UT 15, ¶ 23, 493 P.3d 580.

[24] Solar Agreement ¶ 23, Docket No. 72 at 42.

[25] Master Lease Agreement § 20(d), Docket No. 50-13 at 8.

[26] *See Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶ 14, 54 P.3d 1054 (applying "most significant relationship" test to claims sounding in tort); Restatement (Second) of Conflict of Laws § 221 (stating that the "most significant relationship" test applies to restitution actions); *see also* Restatement (Second) of Conflict of Laws § 221 cmt a (explaining that unjust enrichment is an action in restitution).

[27] Restatement (Second) of Conflict of Laws § 145(1).

[28] *Id.* §§ 145(2), 221.

which state has the "most significant relationship" to the claim because the result is the same under either Utah or New Jersey law.

B. Counter-Defendants' Motion to Dismiss Counterclaims

Counter-Defendants move to dismiss Solar Experts' counterclaims for breach of the implied covenant of good faith and fair dealing and unjust enrichment. The court will deny the motion as to the implied covenant but grant it as to unjust enrichment.

1. Breach of the Implied Covenant of Good Faith and Fair Dealing (Second Claim)[29]

As a general rule under New Jersey law, every contract contains an implied covenant of good faith and fair dealing.[30] This "means that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the full fruits of the contract."[31] "Breach of the implied covenant occurs where a party acts with ill motives to destroy the reasonable expectations of another contracting party."[32] However, "[w]here a party has breached a specific term of a contract, that party cannot be found separately liable for breaching the implied covenant of good faith and fair dealing when the two asserted breaches basically rest on the same conduct."[33] Rather, breach of the implied covenant "arises when the other party has acted consistent with the contract's literal terms, but has done so in such a manner so as to have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."[34]

---

[29] Solar Experts' Answer at 29–30 ¶¶ 24–29.

[30] *R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 773 A.2d 1132, 1145 (N.J. 2001).

[31] *Id.* at 1146 (internal quotation marks and citation omitted).

[32] *Ricketti v. Barry*, Civ. No. 13–6804, 2015 WL 1013547, at *7 (D.N.J. Mar. 9, 2015) (unpublished) (internal citation omitted).

[33] *Spellman v. Express Dynamics, LLC*, 150 F. Supp. 3d 378, 389 (D.N.J. 2015) (internal quotation marks and citations omitted).

[34] *Wade v. Kessler Inst.*, 798 A.2d 1251, 1259 (N.J. 2002) (internal quotation marks and citations omitted).

Accordingly, breach of contract and the implied covenant may not be pleaded in the alternative if the conduct underlying both claims is identical and it is undisputed that a valid contract governs the conduct.[35]

Solar Experts claims that Counter-Defendants breached the covenant of good faith and fair dealing implied in the Solar Agreement by failing to authorize Axos to make the final payment.[36] Counter-Defendants argue that Solar Experts cannot claim breach of the implied covenant because the counterclaim is based on the same conduct underlying its breach of contract counterclaim and that conduct is governed by the express terms of the agreement.[37]

On their face, the two counterclaims complain of different conduct: Solar Experts bases its breach of contract counterclaim on Counter-Defendants' failure to pay money owed under the contract,[38] while it bases its implied covenant counterclaim on Counter-Defendants' failure to authorize Axos to pay Solar Experts. Furthermore, the Solar Agreement only expressly governs the first: Counter-Defendants contracted with Solar Experts to purchase the system, not to authorize Axos to make payments to Solar Experts. Because Solar Experts pleads conduct supporting the implied covenant claim that differs from the conduct supporting the contract claim, and the Solar Agreement does not expressly govern that conduct, Solar Experts may plead both causes of action.[39] The court will deny the motion to dismiss as to this claim.

---

[35] *Spellman*, 150 F. Supp. 3d at 390.

[36] Solar Experts' Answer at 29 ¶¶ 24–28.

[37] Counter-Defendants' Mot. at 5–8.

[38] Solar Experts' Answer at 28–29 ¶¶ 18–23.

[39] *Cf. Spellman*, 150 F. Supp. 3d at 390.

2.   Unjust Enrichment (Third Claim)[40]

Under New Jersey law, to state a claim for unjust enrichment, a party must allege that the opposing party "received a benefit and that retention of that benefit without payment would be unjust."[41] Where a contract exists between the parties, a plaintiff must also show that "it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."[42]

Solar Experts' third counterclaim alleges that it conferred a benefit on Counter-Defendants by installing the System, Counter-Defendants have accepted the System, and Counter-Defendants have failed to pay for the System.[43] This alleges no more than breach of the Solar Agreement. Solar Experts does not allege that Counter-Defendants received any benefit in excess of their contractual right to the System. Therefore, the court will dismiss the unjust enrichment counterclaim. The court will do so with prejudice because any attempt to fashion an unjust enrichment claim would be futile given that the contract expressly covers the matter.

C.   Axos' Motion to Dismiss Crossclaims

Solar Experts' crossclaims against Axos include claims to enforce the Funding Agreement as a third-party beneficiary; for a declaratory judgment that Solar Experts is a third-party beneficiary; and for intentional interference with contractual relations. Because Solar Experts fails to state any of these claims, Axos' motion to dismiss will be granted.

---

[40] *Id.* at 30 ¶¶ 30–34.

[41] *Thieme v. Aucoin-Thieme*, 151 A.3d 545, 557 (N.J. 2016) (internal quotation marks and citation omitted).

[42] *Id.* (internal quotation marks and citation omitted).

[43] Solar Experts' Answer at 30 ¶¶ 30–33.

1.  Breach of Contract as Third-Party Beneficiary (Sixth Claim)[44]

Under Utah law, "[t]hird-party beneficiaries are persons who are recognized as having enforceable rights created in them by a contract to which they are not parties and for which they give no consideration."[45] Solar Experts alleges that Axos failed to pay the remaining $830,000 it was due as a third-party beneficiary under the contracts between Counter-Defendants and Axos.[46]

Assuming without deciding that Solar Experts was an intended beneficiary, it has no claim against Axos. Under the Funding Agreement, Axos had no obligation to pay Solar Experts until it received authorization from Counter-Defendants.[47] Solar Experts alleges that Counter-Defendants withheld authorization for the last payment.[48] Assuming this is true, Axos had no contractual duty to make that payment. Thus, even if Solar Experts is an intended third-party beneficiary, it fails to state a claim against Axos. The court will therefore dismiss this crossclaim. The court will do so with prejudice because Solar Experts could not plausibly make any amendment that would state a valid contract claim against Axos given the language of the Funding Agreement.

---

[44] *Id.* at 31–32 ¶¶ 43–48.

[45] *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.*, 2001 UT 54, ¶ 47, 28 P.3d 669 (internal quotation marks and citations omitted).

[46] Answer at 31–32 ¶¶ 43–48.

[47] Funding Agreement, Docket No. 50-14; *see also* Solar Experts' Answer at 27 ¶ 11 ("[Counter-Defendants] entered into several agreements with Axos in which [Counter-Defendants] would approve payments be made to Solar Experts by Axos.").

[48] Solar Experts' Answer at 28 ¶ 12.

2.   Declaratory Judgment (Fourth Claim)[49]

Under the federal Declaratory Judgment Act,[50] "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."[51] The Act's requirement of "a case of actual controversy" is equivalent to the case-or-controversy requirement of Article III of the Constitution.[52] A "case or controversy" is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests . . . [and] admitting of specific relief through a decree of a conclusive character."[53]

Solar Experts requests a declaratory judgment that, *inter alia*, Solar Experts is a third-party beneficiary of the contracts between Counter-Defendants and Axos.[54] This is not a "case or controversy" that would invoke the declaratory judgment statute because such a declaration would have no practical effect. It would not convince Axos to pay Solar Experts—as explained, Axos has no duty to pay until Counter-Defendants authorize payment. Furthermore, Solar Experts alleges no facts suggesting that Axos would fail to pay Solar Experts when authorized—in fact, Axos has previously paid Solar Experts' invoices as authorized in the absence of any such declaration.

---

[49] *Id.* at 30–31 ¶¶ 35, 37.

[50] 28 U.S.C. § 2201. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("Federal courts are to apply state substantive law and federal procedural law."); *Farmers All. Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) (explaining that declaratory judgments are procedural in nature).

[51] 28 U.S.C. § 2201(a).

[52] *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40 (1937)*; see also Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

[53] *Aetna*, 300 U.S. at 240–41.

[54] Solar Experts' Answer at 30–31 ¶¶ 35, 37.

Therefore, a declaratory judgment is not warranted and the court will dismiss this crossclaim against Axos.[55]

### 3. Interference with Contractual Relationship (Seventh Claim)[56]

In Utah, a tortious interference claim requires the claimant to prove that (1) the defendant intentionally interfered with contractual relations (2) by improper means, (3) causing injury to the claimant.[57] The Utah Supreme Court defines "improper means" as "conduct contrary to law—such as violations of statutes, regulations, or recognized common-law rules—or the violation of an established standard of a trade or profession."[58] Put another way, "a defendant should not be liable for interfering with a contract where the interference was caused by the defendant's doing of an act which he had a legal right to do."[59]

Assuming without deciding that Axos intentionally interfered and caused injury under Utah law, Solar Experts fails to allege facts showing that Axos used improper means. Solar Experts accuses Axos only of failing to pay Solar Experts, which was not independently unlawful. There are no allegations of any other conduct constituting "improper means" under Utah law.[60] Solar Experts argues that "[t]he withholding of payment falls within deceit or misrepresentation as

---

[55] Solar Experts also counterclaims for a declaratory judgment, Solar Experts' Answer at 30–31 ¶¶ 35–36, but Counter-Defendants do not move to dismiss the claim. The court makes no ruling on the Fourth Claim for Relief as to Counter-Defendants.

[56] *Id.* at 32–33 ¶¶ 49–56.

[57] *C.R. England v. Swift Transp. Co.*, 2019 UT 8, 437 P.3d 343; *see also St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 200 (Utah 1991).

[58] *C.R. England*, 2019 UT 8, ¶ 48.

[59] *Id.* ¶ 41; *see also id.* ¶ 17 ("'Where persons have merely pursued their own ends without any desire or intention of causing another to breach his contract, they should not be held liable for the other's breach.'") (quoting *Bunnell v. Bills*, 368 P.2d 597, 603 (Utah 1962)).

[60] *Id.* ¶ 42 (approving "a non-exhaustive list of conduct that would constitute improper means: 'violence, threats or intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehoods'") (quoting *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 308 (Utah 1982)).

required to establish improper means,"[61] but there is nothing inherently deceptive about withholding payment and no alleged facts suggesting deception or misrepresentation by Axos.

In New Jersey, a claim for tortious interference with performance of a contract must allege "(1) actual interference with a contract; (2) that the interference was inflicted intentionally by a defendant who is not a party to the contract; (3) that the interference was without justification; and (4) that the interference caused damage."[62] There must be facts showing that the breaching party inflicted the harm not only intentionally but maliciously—i.e., without justification or excuse.[63] Solar Experts makes only conclusory allegations of malice[64] and accuses Axos of nothing worse than acting in its own interest, which does not amount to malice as a matter of law in New Jersey.[65] Furthermore, Axos' failure to pay was justified: Axos was obligated to pay Solar Experts only when Counter-Defendants authorized it, and Counter-Defendants did not do so.

Because Solar Experts fails to state a claim against Axos for intentional interference with contract, the court will dismiss this crossclaim. The court will dismiss with prejudice as the alleged interference—withholding payment—was justified under the Funding Agreement and so could not conceivably be pleaded as tortious.

---

[61] Resp. to Axos Mot. at 8, Docket No. 82.

[62] *Dello Russo v. Nagel*, 817 A.2d 426, 434 (N.J. Super. Ct. App. Div. 2003).

[63] *Id.*

[64] Solar Experts' Answer at 33 ¶ 55 ("Axos has sought its own interest by failing to pay Solar Experts and has improperly and maliciously interfered with Solar Experts['] rights under the Solar Agreement through wrongful means.").

[65] *Dello Russo*, 817 A.2d at 434 (explaining that acting in one's own economic interest does not establish the necessary malice or wrongful conduct for an intentional interference claim).

IV.     CONCLUSION

It is therefore

ORDERED that Counter-Defendants' Motion to Dismiss Counterclaims (Docket No. 76) is GRANTED IN PART AND DENIED IN PART. The unjust enrichment claim is dismissed with prejudice.

IT IS FURTHER ORDERED that Axos' Motion to Dismiss Crossclaims (Docket No. 78) is GRANTED. Solar Experts' crossclaims against Axos are dismissed with prejudice.

DATED this 2nd day of December, 2021.

BY THE COURT:

Ted Stewart
United States District Judge