**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| 100 MOUNT HOLLY BYPASS et al,<br><br>Plaintiffs,<br><br>v.<br><br>AXOS BANK et al,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' [136] MOTION TO EXTEND EXPERT DISCOVERY**<br><br>Civil No. 2:20-cv-00856-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

Before the court is the Defendants New Jersey Clean Energy Solutions, LLC dba Solar Experts, David J. Widi Sr. and David J. Widi Jr.'s (collectively, Defendants) Motion to Extend Expert Discovery (Motion) (ECF 136). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons herein, the court DENIES the Motion.

## I. BACKGROUND

The court received Solar Expert Defendants' Motion on February 17, 2023 (ECF 136). Plaintiffs 100 Mount Holly Bypass, Christopher Miles, and Miles Technologies (collectively, Plaintiffs) filed a Response (ECF 137) to the Motion on February 23, 2023. In the Motion, Defendants argue that the court should extend expert discovery pursuant to DUCivR 37-1(b) and Fed. R. Civ. P. 6(b)(1)(A) (ECF 136 at 2). Plaintiffs argue Defendants have failed to show

good cause for the requested extension and that an extension would be inequitable for Plaintiffs (ECF 137 at 2).

The Third Amended Scheduling Order provides that counter expert reports were due by February 2, 2023, and expert discovery was to close on March 13, 2023 (ECF 115). There was, however, according to the Motion, an agreement only between counsel to extend the report deadline to February 17, 2023 (ECF 136). In the Motion, Defendants move to extend the deadline for rebuttal expert reports to March 24, 2023, and close of expert discovery to April 14, 2023 (ECF 136 at 3). Defendants argue they have shown good cause for the extension of rebuttal reports "because only recently did Solar Experts Defendants learn that a structural engineer identified as an expert in this case unexpectedly passed away and Solar Experts Defendants did not determine that he had passed away until February 7, 2023" (*id.*). Though it is not entirely clear, Defendants also appear to request a site visit (*id.*). However, Defendants give no explanation or reason as to why this apparent visit is needed.

Plaintiffs oppose the requests to extend expert discovery arguing Defendants cannot meet the good cause standard, it would be unfair to Plaintiffs, and the request to inspect the site is untimely (ECF 137 at 1). Plaintiffs also argue that an extension would be inequitable as Defendants would get the benefit of knowing the substance of the "depositions of Plaintiffs' experts while subjecting Plaintiffs' experts to depositions without the benefit of knowing the substance of Solar Defendants' expert reports" (*id.* at 2–3). Moreover, Plaintiffs raise the burden this extension would have on other deadlines, that the request is untimely, and that the request to inspect the site "would violate the mediated resolution of Plaintiffs' criminal complaint against them" (*id.* at 3).

## II. LEGAL STANDARDS

Rule 29-1(a)(2)(A) of the District of Utah Local Rules of Civil Procedure states that "parties may agree to extend the time to respond to a discovery request without court approval, unless" it is "a deadline established by the case scheduling order." DUCivR 29-1(a)(2)(A). As such, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a motion for extension is made before the deadline has passed, Federal Rule of Civil Procedure 6(b)(1)(A) only requires a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A). By contrast, motions for an extension after the deadline has passed also requires a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017).

To meet the showing of good cause, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Emuveyan v. Ewing*, No. 2:19-CV-00616, 2022 WL 464306, at *1 (D. Utah Feb. 15, 2022). The Tenth Circuit has explained that good cause "comes into play in situations in which there is no fault—excusable or otherwise," such as by a cause outside the movant's control and where a deadline cannot be met despite the movant's diligent efforts. *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017); *Zemaitiene v. Salt Lake Cnty.*, No. 2:17-cv-00007-DAK-JCB, 2021 WL 914063, at *3 (D. Utah Mar. 10, 2021). Good cause requires "at least as much as would be required to show excusable neglect." *Zemaitiene*, 2021 WL 914063, at *3 (quoting *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)). To determine the lesser standard of excusable neglect, a court looks at (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay, and

whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party. *Id.* The movant must be able to show their diligence towards completing discovery during the discovery period. *Babakr v. Fowles*, No. 20-2037-SAC-ADM, 2022 WL 1302817, at *2 (D. Kan. May 2, 2022).

## III. DISCUSSION

The court first notes that the last Amended Scheduling Order (ECF 115) has the deadline to submit counter expert reports as February 2, 2023 (*id.* at 1). Secondly, the court notes that the parties' alleged agreement to extend the deadline for expert reports until February 17, 2023, was not one that could be agreed to solely by the parties. *See* DUCivR 29-1(a)(2)(A). The parties' amendment to the deadline was one without the court's approval. Accordingly, the deadline set out in the Amended Scheduling Order had passed at the time Defendants filed the Motion, and the Defendants' request to extend discovery is untimely.

With respect to good cause, Defendants offer they only discovered the death of the initial expert and that an additional report is needed to work with the other expect reports (*see* ECF 136 at 2). While the death of the expert may meet the good cause standard, the latter explanation does not. There is no explanation for why an additional report is needed other than bald representation. Having failed to get the court's consent to extend the counter expert report deadline, and believing the parties' agreement was procedurally sufficient, Defendants do not address the excusable neglect standard in the Motion. On the other hand, Plaintiffs offer the factors cannot be met, and the court agrees. Plaintiffs offer there is a danger in allowing the extension because Defendants would get the benefit of knowing the substance of the "depositions of Plaintiffs' experts while subjecting Plaintiffs' experts to depositions without the

benefit of knowing the substance of Solar Defendants' expert reports" (*id.* at 2–3). As to the vague request for a site expectation, no explanation or justification is offered other than the general request. As portrayed in the Motion, Defendants fail to meet the good cause standard.

Having not followed local rules, Defendants have also failed to address the appropriate standard for their request, as there is no mention of excusable neglect in the Motion. As such, Defendants' Motion is DENIED without prejudice. The parties are directed meet and confer to try to resolve this issue without the court's assistance before filing another Motion.

## IV. ORDER

For the reasons stated herein, Defendants' Motion to Extend Expert Discovery (ECF 136) is DENIED.

IT IS SO ORDERED.

DATED this 19 April 2023.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah