IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 100 MOUNT HOLLY BYPASS et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>AXOS BANK et al.,<br>              Defendants. | MEMORANDUM DECISION AND ORDER DENYING AXOS DEFENDANTS' EXPERT MOTIONS, DENYING SOLAR EXPERTS' EXPERTS MOTIONS, DENYING SOLAR EXPERTS' MOTION IN LIMINE, OVERRULING SOLAR EXPERTS' OBJECTION, and DENYING PLAINTIFFS' MOTION TO STRIKE.<br><br>Case No. 2:20-cv-00856<br><br>District Judge Ted Stewart |

This case comes before the Court on the following eight motions and one objection: Axos Defendants' Motion to Strike Portions of the Expert Report of James Schallheim;[1] Axos Defendants' Motion to Strike Portions of Faust Consulting's Expert Report;[2] Axos Defendants' Motion to Strike Portions of Asterion Consulting's Expert Report;[3] Axos Defendants' Motion to Strike Portions of Asterion Consulting's Supplemental Expert Report;[4] Solar Experts Defendants' Motion to Exclude Undisclosed Experts;[5] Solar Experts Defendants' Motion to Exclude Certain Expert Testimony of Robert Corson;[6] Solar Experts Defendants' Motion in

---

[1] Docket No. 142.

[2] Docket No. 143.

[3] Docket No. 144.

[4] Docket No. 220.

[5] Docket No. 145.

[6] Docket No. 146.

Limine;[7] Solar Experts Defendants' Objection to Plaintiffs' Pretrial Disclosures;[8] and Plaintiffs'

Motion to Strike Solar Experts Defendants' Objection to Plaintiffs' Pretrial Disclosures.[9] Based

on the following reasons, the Court will deny each of the Motions and overrule the Objection.

## I. BACKGROUND

Plaintiffs are 100 Mount Holly Bypass, LLC ("Mount Holly"), Miles Technologies, Inc.

("Miles Tech"), and Christopher Miles. Defendants are New Jersey Clean Energy Solutions,

LLC d/b/a Solar Experts ("Solar Experts"), David Widi Sr., and David Widi Jr. ("Solar Experts

Defendants"), Axos Bank ("Axos"), Gregory Garrabrants, Jeff Pistorius, Barr Gordon, and

Kristin Phillips ("Axos Defendants"), and Tech Equipment Finance, LLC ("TechEFI") and

Everett Dorand ("TechEFI Defendants"). Plaintiffs sued Defendants under the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. and for

numerous state law claims. In a recent Order, the Court granted in part and denied in part

competing Motions for Summary Judgment filed by Plaintiffs, Solar Experts Defendants, and

Axos Defendants. In light of that Order, the Court will address the parties' respective Motions

and Objection below.

## II. DISCUSSION

A. Expert Motions

Axos Defendants and Solar Experts Defendants filed seven motions regarding Plaintiffs'

experts. Under Fed. R. Evid. 702,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training,
> or education may testify in the form of an opinion or otherwise if the proponent
> demonstrates to the court that it is more likely than not that: (a) the expert's

---

[7] Docket No. 238.

[8] Docket No. 237.

[9] Docket No. 248.

2

scientific, technical, or other specialized knowledge will help the trier of fact understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Rule 702 imposes a gatekeeper obligation on the Court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[10] The Court must fulfill its gatekeeping duty "by making specific findings on the record."[11] "Specifically, the court must first determine whether an expert is qualified by knowledge, skill, experience, training, or education to render an opinion."[12] Second, the court must determine whether the expert opinion is both relevant and reliable.[13] "The inquiry envisioned by Rule 702 is . . . a flexible one,"[14] and "[t]he admission or exclusion of evidence lies within the sounds discretion of the trial court and will not be reversed absent a clear abuse of discretion."[15]

1. Axos Defendants' Motion to Strike Portions of the Schallheim Report

Axos Defendants move to strike portions of James Schallheim's Report in which he provides an opinion on various issues related to equipment leasing, including the progress funding fees and the returns involved in Plaintiffs' and Axos' lease agreements. As the Court previously granted summary judgment to Axos Defendants on both the fraud and RICO claims, to which Schallheim's opinion and testimony pertain, the Court will deny the Motion as moot.

---

[10] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).

[11] *United States v. Yeley-Davis*, 632 F.3d 673, 684 (10th Cir. 2011) (internal quotation marks and citations omitted) (emphasis omitted).

[12] *Id.* (internal quotation marks and citation omitted)

[13] *Daubert*, 509 U.S. at 589.

[14] *Id.* at 594.

[15] *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1099 (10th Cir. 1991).

2. Axos Defendants' Motion to Strike Portions of the Faust Consulting Report

Axos Defendants move to strike portions of the Faust Consulting Report written by Robert Corson, an electrical engineer employed by Faust Consulting. Mr. Corson was retained by Plaintiffs to review and give an opinion "as to code compliance with respect to the electrical components of the solar . . . installation located at 100 Mount Holly Bypass . . . and the cost to remove and replace the rooftop solar . . . system in order to repair the roof and roof membrane."[16] Axos objects to the reliability underlying Corson's statement that the entire roof system needs to be repaired and replaced.[17]

The Court's prior Order on the Motions for Summary Judgment denied in part and granted in part Plaintiffs' and Axos Defendants' Motions for Summary Judgment. The Court granted summary judgment to Plaintiffs on one claim, Breach of Implied Covenant of Good Faith and Fair Dealing, and on Axos Defendants' three counterclaims and granted summary judgment to Axos Defendants on the remaining claims. Any damages pertaining to the breach of the implied covenant of good faith and fair dealing would not include damages related to the roof replacement or repair. Therefore, the Court will deny this Motion as moot.

3. Axos Defendants' Motion to Strike Portions of the Asterion Consulting Report

Axos Defendants move to strike portions of the Asterion Consulting ("Asterion") Expert Report.[18] Asterion was hired by Plaintiffs to provide an expert opinion as to the damages involved in this case. The opinion categorizes the losses into the following four categories: (1) costs to complete the solar system; (2) losses due to delays in completing the solar system; (3)

---

[16] Docket No. 154-1, at 5.

[17] Docket No. 143, at 4.

[18] Docket No. 144.

costs and additional losses due to roof damage; and (4) overcharges.[19] The Report was prepared by Stephen J. Scherf, a CPA certified in financial forensics.

Axos Defendants moves to strike Section 3.3 entitled "costs and additional losses due to roof damage" and the exhibits relating to the first and fourth sections of Asterion's Report. Axos asserts that these exhibits and section do not require an expert's opinion as the calculations involved do not require expertise or specialized knowledge. Section 3.3 restates the loss of $2.7 million for the cost of removal and replacement of the solar system from Mount Holly's roof from Robert Corson's Report.[20] Exhibit 1 adds together sixteen charges, totaling $138,514.84, in a "Summary of Cost to Complete Solar System."[21] Exhibit 3 adds the invoice amounts of "service charges" or disputed progress/lease payments made from December 2019 to October 2020 to total $446,609.49.[22] Axos does not contest the corresponding report sections for Exhibits 1 and 3, (Sections 3.1 and 3.4 respectively), only the calculations in the exhibits. Axos also does not contest Exhibit 2 entitled "Losses due to Delays in Completing the Solar System" in which Scherf adds up the expected electric generation if the system was operating, the totals of energy consumption during the same time period and the corresponding electric value, and value of credits that would have been owed if the solar system had been operational.[23]

"Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."[24] "[U]nder Fed. R. Evid. 702 'the touchstone of

---

[19] Docket No. 153-1, at 8–9.

[20] *Id.* at 10.

[21] *Id.* at 28.

[22] *Id.* at 30.

[23] *Id.* at 29.

[24] *Daubert.*, 509 U.S. at 591–92.

admissibility is helpfulness to the trier of fact.'"[25] Both parties cite to *Graystone Funding Co., LLC v. Network Funding, L.P.*,[26] in which the court concluded that an expert's testimony should be excluded where it was based on simple calculations involving damages in a misappropriation of trade secrets and breach of fiduciary duties case. There the court concluded that the expert's opinion was based on simple math, and there was no evidence that the expert analyzed data to derive his opinion.[27]

However, here, when pressed during his deposition about whether his Report was merely adding together numbers, Mr. Scherf stated the following:

> I looked at those invoices, made a determination that those invoices were consistent with the allegations of damages in the complaint, and I reviewed them. . . . Look, the addition on Exhibit 1 is simple math, but as I explained before, that's not all I did. I evaluated those. I made a determination as to whether, in fact, those items fall into categories of damages. So it's – it's an assessment of those items. And then, ultimately, after I made that assessment, yes, I did add them up, as experts in my field typically do in calculating damages.[28]

"The Tenth Circuit takes a liberal approach to the question of whether proffered expert testimony will assist the jury." [29] "Doubts about whether an expert's testimony will be useful 'should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusions.'"[30] Contrary to Axos' assertions, "[t]here is not . . . an implicit requirement in Fed. R. Evid. 702 for the proffered expert to make complicated

---

[25] *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994) (quoting *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991)).

[26] 598 F. Supp. 3d. 1228 (D. Utah 2022).

[27] *Id.* at 1243–46.

[28] Docket No. 153-2, at 3–4.

[29] *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1083 (D. Colo. 2006).

[30] *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994) (quoting J. Weinstein & M. Berger, Weinstein's Evidence, ¶ 702[02], p. 702–30).

mathematical calculations."[31] And, "[f]orensic accountants routinely rely, 'surely to no one's surprise, on the books and records and financial information . . . provided.'"[32]

While Exhibits 1 and 3 involve simple addition, Scherf testified that he evaluated the information he was provided to ensure it was consistent with the damages allegations. Additionally, Scherf's inclusion of the $2.7 million figured for roof repair in Section 3.3 is not "merely parrot[ing] or recit[ing] factual evidence, without offering a valid expert opinion based on such evidence."[33] Scherf uses this information to add to the factfinder's understanding as to damages[34] and as such, in following the Tenth Circuit's approach, the Court will deny the Motion to strike portions of his report.

4. Solar Expert's Motion to Exclude Undisclosed Experts

Solar Experts Defendants seek to exclude Robert Hoxit and Thomas Brooks as undisclosed experts. Under Fed. R. Civ. P. 26(a)(2)(A) and (B), "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence" and "this disclosure must be accompanied by a written report—prepared and signed by the witness." Fed. R. Civ. P. 37(c)(1) states that if a party fails to disclose expert information, "the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless."

---

[31] *WWP, Inc. v. Wounded Warriors Fam. Support, Inc.*, 628 F.3d 1032, 1040 (8th Cir. 2011).

[32] *Id.* (quoting *Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc.*, 178 F.3d 1030, 1035 (8th Cir. 1999)).

[33] *Deem v. Baron*, No. 2:15-cv-00755-DS, 2020 WL 114138, at *13 (D. Utah. Jan. 10, 2020).

[34] *Kane v. Lewis*, No. L-08-1157, 2010 WL 11549577, at *1 (D. Md. Dec. 7, 2010) ("An expert witness must add something to the jury's understanding, and 'when an expert witness is not in a better position than the fact finder to render an opinion on a matter, it is not error to exclude the witness' testimony.'") (quoting *Noland v. French*, 134 F.3d 208, 217 (4th Cir. 1998)).

a. Robert Hoxit

Solar Experts Defendants argue that Robert Hoxit should be excluded as a witness because he is an expert witness offering an opinion and was not disclosed by Plaintiffs as such. Plaintiffs disclosed Mr. Hoxit in their initial disclosures as a potential witness. His affidavit states that he was employed by Solar Experts as "lead foreman at the time of Solar Experts' installation of a solar energy system . . . on the roof of the building located at 100 Mount Holly Bypass."[35] Mr. Hoxit was also later hired by Christopher Miles to "fix and complete the installation of the Solar System."[36] Solar Defendants argue that the following statements in Mr. Hoxit's affidavit are expert opinions:[37]

- Areas of the roof were overloaded by solar panel installation.[38]

- The screws used, and penetrations made by Solar Experts Defendants were not approved for Gaco silicone roof coating, and the screws and brackets used to connect solar panels to the roof of the Miles Property were incorrect.[39]

- The mechanical fasteners used by Solar Experts Defendants were improper.[40]

- Solar Experts Defendants made numerous penetrations on the roof and that the underlying roof membrane must be replaced.[41]

Most of these statements in Mr. Hoxit's affidavit are based on his personal experiences, observations, and perceptions while working for both Solar Experts and Mr. Miles after he

---

[35] Docket No. 145-1 ¶ 3.

[36] *Id.* ¶ 14.

[37] Docket No. 145, at 3–4.

[38] Docket No. 145-1 ¶ 11.

[39] *Id.* ¶ 16.

[40] *Id.* ¶ 18.

[41] *Id.* ¶ 19.

terminated Solar Experts. However, even assuming these statements are opinions, Mr. Hoxit may still be considered a lay witness under Fed. R. Evid. 701.

Rule 701 prescribes that if a witness is not an expert witness, "testimony in the form of an opinion is limited to one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

First, relevant to Rule 701(a), Mr. Hoxit's affidavit and the contested statements are based on his personal interactions and perceptions garnered during his work for both Solar Experts and Miles at the 100 Mount Holly solar system project.

Second, relevant to Rule 701(b), Mr. Hoxit's statements regarding the solar system installation would be helpful to clearly understand his testimony—why he did what he did, when he did it—and facts in issue, including damage to the roof at various times during installation and required remedies after the panels were installed.

Finally, Rule 701(c) requires that the opinion not be based on scientific, technical, or other specialized knowledge within the scope of Rule 702. In *LifeWise Master Funding v. Telebank*,[42] the Tenth Circuit concluded that the LifeWise CEO could not testify as a lay witness regarding a damages model that he did not have personal knowledge of because doing so would require "technical, specialized subjects under Rule 701."[43] The district court's ruling, with which the Tenth Circuit concurred, was that the CEO "could have given a straightforward opinion as to lost profits using conventional methods based on [the company's] actual operating history" but where the damage model and its factors "fail to be rationally based on [the CEO's] perception

---

[42] 374 F.3d 917, 929 (10th Cir. 2004).

[43] *Id.* at 929.

. . . [they] cannot be admissible as lay opinion testimony."[44]

Here, insofar as the contested statements provide opinions, they are based on Mr. Hoxit's perceptions while working for Solar Experts and Miles. Solar Experts disagree with Plaintiffs reliance on *United States v. Powers*[45] in which the Tenth Circuit found no clear error under a Rule 701 analysis. There, the lender witnesses testified that they were not personally involved in the transactions at issue in the case but did have personal knowledge of their employers' lending practices at the time the transactions took place and answered hypothetical questions relating to the transactions at trial.[46] Solar Experts argue that the case here is different because those witnesses were "applying basic arithmetic of adding and subtracting" and Hoxit's testimony about the cause of the roof leaks, when those leaks occurred and if they were contributed to by his work, all call for expert and specialized knowledge.[47]

While the Tenth Circuit has recognized that "basic arithmetic" falls "under Rule 701 as lay testimony,"[48] the court has also cautioned that a broad reading that any knowledge derived from prior professional experience falls within expert testimony territory "would be mistaken."[49] "[S]uch a broad reading of this [language] would be inconsistent with [the Tenth Circuit's] recognition . . . that witnesses with arguably pertinent professional experience could nevertheless offer Rule 701 lay testimony under certain circumstances, including where they possess personal

---

[44] *Id.* at 930.

[45] 578 F. App'x 763 (10th Cir. 2014) (unpublished).

[46] *Id.* at 770.

[47] Docket No. 189, at 4.

[48] *Ryan Dev. Co. v. Ind. Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170–71 (10th Cir. 2013).

[49] *Powers*, 578 F. App'x at 774.

familiarity with documentary evidence at issue."[50] The Tenth Circuit has also acknowledged the breadth of other circuit decisions explaining that lay witnesses may provide lay opinions under Rule 701 "so long as their testimony is derived from personal knowledge and experience at the business."[51] Mr. Hoxit's statements in the affidavit do not implicate complex calculations or determinations that would require him to be noticed as and testify as an expert. And Solar Defendants do not argue that his statements fall outside of his personal familiarity with the evidence at issue or that they were derived from something other than his personal knowledge or experience.

Therefore, the Court will deny Solar Experts' Motion as to Mr. Hoxit. He is not an expert and therefore expert disclosure rules do not apply. Defendants are entitled to object to his testimony at trial if it strays beyond the scope of lay testimony. Solar Experts also appear to object to Mr. Hoxit's testimony on the basis of hearsay. The Court declines to address any such objection as it is not yet ripe. Solar Experts may raise objections at trial if necessary.

---

[50] *Id.* at 774–75.

[51] *Id.* at 771 (citing *United States v. Valencia*, 600 F.3d 389, 416 (5th Cir. 2010) (ruling that a former risk officer's testimony "recreat[ing] much of the analysis he regularly performed when evaluating risk tolerances" was "properly characterized as . . . lay opinion" because his "knowledge and analysis were derived from duties he held at [the firm]"); *U.S. Salt, Inc v. Broken Arrow, Inc.*, 563 F.3d 687, 690 (8th Cir. 2009) ("[P]erceptions based on industry experience[ ] [are] a sufficient foundation for lay opinion testimony") (internal citation omitted); *United States v. Munoz-Franco*, 487 F.3d 25, 36 (1st Cir. 2007) (holding that a former executive's testimony regarding what information a company's board "should have" had in its decisionmaking process was lay opinion testimony because her position and regular attendance at board meetings gave her the requisite personal knowledge); *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003) (determining that the district court did not abuse its discretion in permitting officers and employees to testify as lay witnesses, based on their "particularized knowledge garnered from years of experience within the field," about the reasonableness of their corporation's pricing in light of industry standards").

b. Thomas Brooks

Solar Experts Defendants object to Thomas Brooks' estimate for the cost of the roof membrane replacement at 100 Mount Holly on the basis that it is an expert report and does not comply with disclosures required under Fed. R. Civ. P. 26(a)(2)(B). They also argue that the estimate should not be permitted as a supplement to other experts' opinions.

Mr. Brooks' quote includes a section explaining the scope of work to remove and replace the roof membrane and insulation at the 100 Mount Holly building. The estimate includes a warranty, the cost to complete the outlined work (approximately $1.46 million), and qualifications to the proposal.[52] It was signed by Mr. Brooks on February 10, 2023.

Plaintiffs assert that the estimate is "simply a quotation for services provided in the normal course of the roofing company and is not covered by Rule 702."[53] Solar Experts argue that the quote is an expert opinion.[54] Importantly, the quote does not opine as to the cause of the damage requiring repair and replacement, whether the repair and replacement is necessary, or to the reasonableness of the estimate. Plaintiffs argue that, because Brooks is not an expert and not offering an opinion, the Rule 26(g) requirements do not apply. The Court agrees.

Solar Experts Defendants also argue that under Fed. R. Civ. P. 26(e) a party may not "use the supplementing procedure to submit an amended or rebuttal report not based on new information."[55] "[S]upplementation may only be based upon additional or corrective information

---

[52] Docket No. 145-2, at 2–3.

[53] Docket No. 155, at 5.

[54] Docket No. 189, at 5.

[55] Docket No. 145, at 8 (quoting *Fed. Trade Comm'n v. Nudge, LLC*, No. 2:19-cv-00867, 2022 WL 823933, at *4 (D. Utah Mar. 18, 2022)) (citation omitted).

that was unavailable when the expert made his or her initial report."[56] Solar Experts cite to a number of cases in which courts have denied supplementation of an expert report in situations where the expert is attempting to bolster a defective or problematic expert report.[57] However, the case law is inapplicable here as both Scherf and Corson reference the pending roof estimation in their reports and both state that the quote was forthcoming, but not yet available.[58] Further, the estimate was provided three weeks before the end of expert discovery. Based on the foregoing, the Court will deny the Motion.

5. Solar Experts Defendants' Motion to Certain Testimony of Robert Corson

Solar Experts Defendants move to exclude certain testimony of Robert Corson on the basis that he is not an expert in roof repairs, and his testimony would be unreliable. They also argue that any of his testimony regarding roof repairs and/or replacements is irrelevant and likely to confuse or mislead the trier of fact. Corson was retained by Plaintiffs to provide an opinion as to the cost of removing the solar system so that the roof could be repaired, and the membrane could be replaced.[59]

Solar Experts do not object to Corson's qualifications generally; therefore, the Court need only "determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*."[60] To be admissible, "the testimony must be 'based upon sufficient facts or data' as well as 'the product of reliable principles and methods' and the

---

[56] *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *3 (D. Kan. April 30, 2013).

[57] Docket No. 145, at 8–9.

[58] *See* Docket No. 152-1, at 10; Docket No. 153-1, at 10.

[59] Docket No. 154-1, at 5.

[60] *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

expert must have 'applied the principles and methods reliably to the facts of the case.'"[61] The burden to show the testimony is admissible falls on Plaintiffs as the proponent of the expert testimony.[62]

Solar Experts argue that Mr. Corson's testimony is unreliable and does not assist the trier of fact as he does not have specific knowledge related to leaks or roof repair.[63] They also argue that his testimony should be excluded because he is assuming the roof needs to be replaced and that this would require removal of the solar panel system.[64]

Corson's relevant conclusion states as follows:

> In order to repair the roof and replace the roof membrane, all of the [ ] rooftop equipment [would] have to be electrically and mechanically disconnected, removed from the roof, stored and then re-installed at the completion of the re-roofing effort . . . . [I]t is my opinion to a reasonable degree of professional certainty that the cost to remove and reinstall the system, with associated lost production, is approximately $2.7MM. This breakdown includes $2,390,000 in labor, $125,000 in material with an assumed 2.5% module breakage[,] and $185,000 in lost production and [Solar Renewable Energy Credits] . . . . This does not include work associated with the roof replacement. . . . A quote has been requested for the roof repair and replacement of the membrane.[65]

The Tenth Circuit has previously held that a district court does not abuse its discretion in admitting an expert's testimony grounded in contested assumptions when there is some support in the record for the expert's assumptions.[66] "[T]he full burden of exploration of the facts and

---

[61] *Id.* (quoting Fed. R. Evid. 702).

[62] *See Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013).

[63] Docket No. 146, at 7.

[64] *Id.* at 8.

[65] Docket No. 154-1, at 9–10.

[66] *See Aspen Highlands Skiing Corp. v. Aspen Skiing Co.*, 738 F.2d 1509, 1523–24 (10th Cir. 1984); *BC Tech., Inc v. Ensil Int'l. Corp.*, 464 F. App'x 689, 704 (10th Cir. 2012) ("The [expert's] assumptions were certainly subject to debate but had sufficient evidentiary support to pass the admissibility threshold.").

assumptions underlying the testimony of an expert witness [falls] squarely on the shoulders of opposing counsel's cross-examination."[67]

Some facts in evidence that support Corson's assumption that the roof membrane needs to be replaced include the following: Solar Experts agreed in the Purchase Agreement to apply roof coating sufficient to obtain a 20 year labor warranty and 50 year material warranty;[68] during the installation of the solar panel system, Solar Experts cut a pipe and flashing on the roof;[69] after Solar Experts began to install the solar panel system, there were leaks reported in the building;[70] Widi Jr.'s testimony that Solar Experts made penetrations through the roof membrane;[71] Mr. Corson's testimony that he was under the impression that both Solar Experts and Mr. Hoxit were not approved by Gaco as installers;[72] Christopher Miles' testimony that there were ongoing leaks in the roof after terminating Solar Experts and hiring Mr. Hoxit, and even on the day of his deposition;[73] and finally, Mr. Corson's testimony at his deposition that he saw and heard from others about the leaks on the roof and that there were patches made to repair the leaks.[74]

The Court finds that there is support in the record for Mr. Corson's assumption that the roof needs repair and replacement.

---

[67] *Smith v. Ford Motor Co.*, 626 F.2d 784, 793 (10th Cir. 1980) (citation omitted).

[68] Docket No. 128-4, at 3; Docket No. 154, at 4.

[69] Docket No. 154-2, at 5.

[70] Docket No. 154-3.

[71] Docket No. 171-3, at 341:2–5.

[72] Docket No. 171-7, at 47:1–19.

[73] Docket No. 171-2, at 618:11–622:20, 611:16–615:21.

[74] Docket No. 154-5, at 41:19–50:3.

Solar Experts also argue that Mr. Corson's testimony regarding the need for repair and the related costs, including his estimate to remove and replace the solar system, is not relevant under Fed R. Evid 401. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[75] Mr. Corson's testimony is based on the assumption that the roof and membrane need repair and/or replacement—assuming that Plaintiffs can prove at trial that this is necessary, Mr. Corson's estimate regarding the cost to remove and replace the solar system in order to repair the roof and membrane is relevant to the inquiry of damages.

Finally, Solar Experts argue that even if the testimony is relevant, it is likely to mislead or confuse the finder of fact and should be inadmissible under Rule 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court does not find that Mr. Corson's testimony would confuse the finder of fact as Defendants will have the opportunity to cross examine Mr. Corson and others regarding the causation and extent of the damage to the roof at trial. Based on the foregoing, the Court will deny Solar Experts Defendants' Motion.

6. Axos Defendants' Motion to Strike Portions of Asterion's Supplemental Report

Axos objects to Asterion Consulting's Supplemental Report on the basis that it was untimely.[76] Axos asks the Court to strike the following sections:

- Section 3.1 due to the addition of two repair invoices dated April 28, 2023, and May 3, 2023, from Brooks Roofing for repair work done in February and March of 2023.[77]

---

[75] Fed. R. Evid. 401.

[76] Docket No. 220.

16

- Section 3.2 due to the decrease in damage calculation for the cost to purchase electricity from $236,179.80 to $146.431.48 without "explain[ing] the dramatic difference between the[] two calculations."[78]
- Section 3.3 due to the addition of the roof repair and replacement report (the Brooks Report) that was received February 10, 2023.

Axos also disputes the addition of the "service charges" paid by Plaintiffs since the Report was originally filed, which increased the Section 3.4 calculation from approximately $1.5 million to $2.98 million on the date of this filing. The addition of these charges accounts for the majority of the total damage calculation increasing from $4,993,995 in the original report to $7,801,910 in the Supplemental Report. The original report is dated January 11, 2023, and the supplemental report is dated June 8, 2023. Plaintiffs previously provided the Brooks Report to Defendants on February 15, 2023.

Under Fed. R. Civ. P. 26(e)(2) "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

Per the most recent scheduling order, Plaintiff's Rule 26(a)(3) disclosures were due July 21, 2023.[79] As such, there is not a timeliness issue with the disclosures. Axos Defendants argue that Plaintiffs were not diligent in obtaining the supplemental information. The Court does not agree. As such, the Court will deny this Motion.

---

[77] Docket No. 225-3, at 4–5.

[78] Docket No. 220 ¶ 8.

[79] Docket No. 115.

17

B. Remaining Motions and Objection

1. Solar Experts' Motion in Limine

Solar Experts Defendants move to exclude evidence of David Widi Jr.'s criminal convictions for Possession of Firearms and Ammunition by a Felon and Manufacturing Marijuana. In 2010, Mr. Widi Jr. was convicted of these crimes and sentenced to 108 months imprisonment and three years' supervised release. He was released on July 7, 2017. During the time of the events at issue in this case, Mr. Widi Jr. was on supervised release.

Plaintiffs seek to use Mr. Widi Jr.'s convictions for impeachment purposes pursuant to Fed. R. Evid. 609. Rule 609 provides that a witness's character for truthfulness may be attacked by evidence of a criminal conviction "for a crime that, in the convicting jurisdiction, was punishable . . . by imprisonment for more than one year . . . [and] must be admitted, subject to Rule 403, in a civil case."

Plaintiffs erroneously argue for admission of Mr. Widi Jr.'s convictions under Rule 609(a)(1)(B), which states that evidence of a prior felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." However, Rule 609 (a)(1)(A) governs evidence of a prior felony conviction in a civil case and therefore governs here.  Rule 609 (a)(1)(A) provides that evidence of a prior felony conviction "*must* be admitted, subject to *Rule 403*, in a civil case."[80]

As stated above, under Rule 403, "[t]he court may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair

---

[80] Fed. R. Evid. 609(a)(1)(A) (emphasis added).

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Solar Experts argue that evidence of Mr. Widi Jr.'s convictions is not relevant because the convictions are not related to the claims in this case. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[81] "[E]vidence concerning a witness's credibility is always relevant, because credibility is always at issue."[82] Further, "courts have specifically recognized that 'offenses involving controlled substances can be valuable for impeachment purposes.'"[83] Accordingly, the Court finds that evidence of Mr. Widi Jr.'s prior conviction is relevant.

Solar Experts argue that, under Rule 403, the introduction of evidence of Mr. Widi Jr.'s prior conviction would present dangers of unfair prejudice, confusing the issues, and misleading the jury. However, they fail to elaborate on how the introduction of the convictions would cause unfair prejudice and only argue that Plaintiffs are using the conviction to prejudice Mr. Widi Jr. and call his character into question.[84] "The well-settled rule in [the Tenth] [C]ircuit is that the permissible scope of cross-examination under Rule 609 extends to the essential facts of convictions, the nature of the crimes, and the punishment."[85] Solar Experts do not provide a basis

---

[81] Fed. R. Evid. 401.

[82] *United States v. Green*, 617 F.3d 233, 251 (3d Cir. 2010); *see Atkinson v. Atchison, Topeka & Santa Fe Ry. Co.*, 197 F.2d 244, 246 (10th Cir. 1952) ("The credibility of the witness is always relevant in the search for tru[t]h.").

[83] *United States v. Crittenden*, No. 23-CR-00018-GKF, 2023 WL 2967891, at *3 (N.D. Okla. Apr. 17, 2023) (quoting *United States v. White*, 312 F. Supp. 3d 355, 359 (E.D. N.Y. 2018) (collecting cases)).

[84] Docket No. 238, at 5.

[85] *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (citations omitted).

for the Court to conclude that evidence of Mr. Widi Jr.'s criminal convictions are inadmissible under Rule 403. The Court will therefore deny Solar Experts Defendants' Motion.

2. Solar Experts' Objection and Plaintiffs' Motion to Strike

Solar Experts Defendants filed an Objection to Plaintiffs' Pretrial Disclosures, objecting to each of Plaintiffs' 669 trial exhibits and each of Plaintiffs' witnesses.[86] In response, Plaintiffs filed a Motion to Strike Solar Experts Defendants' Objection to Plaintiffs' Pretrial Disclosures[87] arguing that it had insufficient notice of the grounds of the objections. At the time of these filings, a trial date was set; however, it has since been stricken. Solar Experts concede that pretrial disclosures and objections to those disclosures will likely be amended. It is also foreseeable, given the Court's recent Order on the Motions for Summary Judgment, that disclosures and objections may require amendment. Therefore, the Court will overrule Solar Experts' Objection and deny Plaintiffs' Motion to Strike as unripe.

III. CONCLUSION

It is therefore

ORDERED that Axos Defendants' Motion to Strike Portions of the Expert Report of James Schallheim (Docket No. 142) is DENIED as moot; It is further

ORDERED that Axos Defendants' Motion to Strike Portions of the Expert Report of Faust Consulting Engineers (Docket No. 143) is DENIED as moot; It is further

ORDERED that Axos Defendants' Motion to Strike Portions of the Expert Report of Asterion Consulting (Docket No. 144) is DENIED; It is further

ORDERED that Axos' Defendants' Motion to Strike Portions of the Supplemental Expert Report of Asterion Consulting (Docket No. 220) is DENIED; It is further

---

[86] Docket No. 237.

[87] Docket No. 244.

ORDERED that Solar Experts Defendants' Motion in Limine Regarding Plaintiffs' Undisclosed Experts (Docket No. 145) is DENIED; It is further

ORDERED that Solar Experts Defendants' Motion in Limine to Exclude Certain Testimony of Plaintiffs' Expert Robert Corson (Docket No. 146) is DENIED; It is further

ORDERED that Solar Experts Defendants' Motion in Limine (Docket No. 238) is DENIED; It is further

ORDERED that Solar Experts Defendants' Objection for Plaintiffs' Pretrial Disclosures (Docket No. 237) is OVERRULED as unripe; It is further

ORDERED that Plaintiffs' Motion to Strike Solar Experts Defendants' Objection to Plaintiffs' Pretrial Disclosures (Docket No. 244) is DENIED as moot.

DATED April 22, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge