IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 100 MOUNT HOLLY BYPASS et al.,<br><br>Plaintiffs,<br>v.<br><br>AXOS BANK, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT, DENYING PLAINTIFFS' AND DEFENDANT AXOS BANK'S MOTION TO BIFURCATE AS MOOT, DENYING DEFENDANT WIDI JR.'S MOTION TO DISMISS, AND DENYING DEFENDANT WIDI SR.'S MOTION<br><br>Case No. 2:20-cv-856<br><br>Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

This matter comes before the Court on a Motion to Bifurcate filed by Plaintiffs Christopher Miles and 100 Mount Holly Bypass and Defendant Axos Bank;[1] a Motion to Dismiss and for Attorney's Fees filed by David Widi Jr.;[2] a Motion for Default Judgment filed by Plaintiffs;[3] and a single Motion containing an Objection to Plaintiffs' Motion for Default Judgment; Motion to Dismiss for Lack of Jurisdiction; Response to Motion to Bifurcate; and Reconsideration of Order Granting Withdrawal of Counsel filed by David Widi Sr.[4] For the reasons discussed below, the Court will grant Plaintiffs' Motion for Default Judgment, deny the Motion to Bifurcate as moot, deny Widi Jr.'s Motion, and deny Widi Sr.'s Motions.

---

[1] Docket No. 262.

[2] Docket No. 264.

[3] Docket No. 269.

[4] Docket No. 274.

I. BACKGROUND

Plaintiffs are 100 Mount Holly Bypass, LLC, Miles Technologies, Inc., and Christopher Miles. Plaintiffs sued Defendants New Jersey Clean Energy Solutions d/b/a Solar Experts ("Solar Experts"), David Widi Sr., David Widi Jr., Axos Bank ("Axos"), Gregory Garrabrants, Jeff Pistorius, Barr Gordon, Kristin Phillips, Tech Equipment Finance, LLC, and Everett Dorand, under the Racketeer Influenced and Corrupt Organizations Act ("RICO")[5] and for state law claims. The Court has recited the facts of this case many times and will not repeat them here.

In April 2024, the Court addressed competing motions for summary judgment. At present the only remaining Defendants in this matter are Solar Experts and Axos Bank. Below is a summary of the Court's Order on the motions for summary judgment:

• Count 1: RICO § 1962(c) against Garrabrants, Gordon, Phillips, Pistorius, Solar Experts Defendants, and TechEFI Defendants, alleging Axos as the enterprise. The Court granted summary judgment in favor of Defendants.

• Count 2: RICO § 1962(d) against Garrabrants, Gordon, Phillips, Pistorius, Solar Experts Defendants and TechEFI Defendants, alleging Axos as the enterprise in a conspiracy. The Court granted summary judgment in favor of Defendants.

• Count 3: RICO § 1962(c) against all Defendants as the enterprise. The Court granted summary judgment in favor of all Defendants.

• Count 4: RICO § 1962(d) against all Defendants as the enterprise in a conspiracy. The Court granted summary judgment in favor of all Defendants.

• Count 5: Fraud against all Defendants. The Court granted summary judgment in favor of all Defendants.

---

[5] 18 U.S.C. §§ 1961 *et seq.*

• Count 6: Civil Conspiracy against all Defendants. The Court granted summary judgment in favor of all Defendants.

• Count 7: Breach of Contract and Covenant of Good Faith and Fair Dealing against Solar Experts. The Court granted summary judgment in favor of Plaintiffs on the breach of contract claim for failure to keep the property free of liens. However, the Court did not grant summary judgment to either party on the remaining breach of contract claims.[6] The Court granted summary judgment on delay damages in favor of Solar Experts, but did not grant summary judgment on the remaining damages in favor of either party. The Court did not grant summary judgment in favor of either party on Plaintiffs' breach of good faith and fair dealing claim.

• Count 8: Breach of Contract and Covenant of Good Faith and Fair Dealing against Axos. The Court granted summary judgment in favor of Axos on all breach of contract claims and entered summary judgement in favor of Plaintiffs on the breach of good faith and fair dealing claim.

• Count 9: Breach of Fiduciary Duty against Axos. The Court granted summary judgment in favor of Axos.

• Count 10: Declaratory Judgment against Axos. The Court granted summary judgment in favor of Axos.

After the Court ruled on the summary judgment motions, it ordered the parties to participate in a settlement conference. The conference was not held as the parties and Court

---

[6] The Third Amended Complaint asserted seven instances of breach against Solar Experts. Plaintiffs only sought summary judgment on four of the breaches. Docket No. 251, at 30.

determined that settlement was not viable at that time.[7] Thereafter, on September 25, 2024, Solar Experts' attorney, Robert T. Spjute, filed a Motion to Withdraw as counsel.

On September 30, 2024, the Magistrate Judge granted counsel's Motion to Withdraw and ordered Solar Experts to obtain new counsel to enter an appearance on its behalf pursuant to local rule 83-1.3.[8] The Court stayed the matter for 21 days for Solar Experts to do so. Subsequently, Defendants David Widi Sr., on behalf of himself and Solar Experts, filed a pro se Motion for Reconsideration of the Order allowing counsel to withdraw.[9] On December 23, 2024, the Magistrate Judge denied Solar Experts and Widi Sr.'s Motion to Reconsider.[10] An attorney has not yet filed an appearance on behalf of Solar Experts, and Plaintiffs have filed a Motion for Default Judgment for Solar Experts' failure to obtain counsel.[11] On January 23, 2025, Widi Sr. filed a pro se Objection, Motion, and request for reconsideration on behalf of Solar Experts.[12]

Also pending before the Court is David Widi Jr.'s Motion to Dismiss and for Attorney's Fees filed on December 13, 2024,[13] and Plaintiffs' and Axos Bank's Motion to Bifurcate filed on October 30, 2024.[14]

---

[7] Docket No. 258.

[8] Docket No. 260; *see* DUCivR 83-1.4(b)(2)(G).

[9] Docket No. 261.

[10] Docket No. 266.

[11] Docket No. 269.

[12] Docket No. 274.

[13] Docket No. 264.

[14] Docket No. 262.

## II. DISCUSSION

A. Default Judgment

On December 30, 2024, Plaintiffs moved for default judgment against Defendant Solar Experts for failure to obtain counsel or otherwise participate in these proceedings. Solar Experts failed to respond to the Motion by the deadline.[15] Instead on January 23, 2025, Widi Sr., purporting to act on behalf of Solar Experts, filed a pro se Objection.

"A corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted" to this court.[16] "An unrepresented party who fails to appear within 21 days after entry of the order [of withdrawal], or within the time the court requires, may be sanctioned under Fed. R. Civ. P. 16(f)(1), including entry of a default judgment."[17] Federal Rule of Civil Procedure 16(f)(1)(C) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorneys . . . fails to obey a . . . pretrial order." Rule 37(b)(2)(A) referenced in Rule 16(f)(1)(c) provides for sanctions including "rendering a default judgment against the disobedient party."[18]

To determine whether sanctions are appropriate, courts consider the following factors: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[19]

---

[15] *See* DUCivR 7-1(a)(4)(D).

[16] DUCivR 83-1.3(c)(2).

[17] DUCivR 83-1.4(d).

[18] Fed. R. Civ. P. 37(b)(2)(A)(vi).

[19] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[20] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction."[21] Furthermore, the factors listed above are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[22] The Court considers each factor below.

1.  *Degree of actual prejudice to Plaintiffs*

Prejudice may be inferred from delay, uncertainty, and accruing attorney's fees.[23] Solar Expert's failure to engage in litigation and comply with the Court's order has interfered with

---

[20] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[21] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

[22] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful criteria or guide posts the district court may wish to consider in the exercise of what must always be a discretionary function.") (internal quotation marks and citation omitted); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[23] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that delay would "prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

both Plaintiffs' and the remaining Defendant's ability to obtain a resolution in the matter.[24] Therefore, this factor weighs in favor of default judgment.

   2.  *Amount of interference with the judicial process*

   The Court finds that Solar Experts' actions have interfered with the judicial process. The Court granted Solar Experts' counsel's Motion to Withdraw on September 30, 2024. Further, it has been a month since the Court denied Solar Experts' Motion for Reconsideration. Solar Experts still have not filed a notice of appearance of counsel. Solar Experts have interfered with the judicial process by disregarding the Court's order and by failing to properly participate in the litigation. This factor, therefore, weighs in favor of default judgment.

   3.  *Litigant's culpability*

   Solar Experts' culpability is evident in its failure to file a notice of appearance and disregard of the Court's order in filing its first pro se Motion for Reconsideration and latest pro se Objection/Motion/Reconsideration, which does not indicate that they have any intention to comply with the Court's order. The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [they are] appropriate in cases of willful misconduct."[25] It has further defined "willful failure" to mean "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."[26] "It is [Solar Experts'] acts, not those of [its] counsel,"[27] that have caused the delay. Therefore, the Court finds that this failure was intentional and finds that this factor weighs in favor of default judgment.

---

[24] *See* Docket No. 262.

[25] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[26] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987)).

[27] *Ehrenhaus*, 965 F.2d at 921.

4. *Whether the Court warned noncomplying litigant that default judgment was a likely sanction*

The Court warned Solar Experts that its failure to file a notice of appearance could result in default judgment.[28] This factor weighs in favor of default judgment.

5. *Efficacy of lesser sanctions*

The Court finds that lesser sanctions would be inadequate. Solar Experts has continued to fail to participate in this litigation and has failed to comply with the Court's orders. This factor weighs in favor of default judgment.

Considering the factors above, the Court finds that default judgment is appropriate. Having done so, the Court next turns to the "procedure for entry of default judgment as set forth in Rule 55."[29] "In order for a district court to enter default judgment, 'there must be a sufficient basis in the pleadings . . . constituting a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"[30]

To state a claim for breach of contract, the plaintiff must show

> first that the parties entered into a contract containing certain terms; second, that plaintiffs did what the contract required them to do; third, that defendants did not do what the contract required them to do, defined as breach of the contract; and fourth, that defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs.[31]

---

[28] Docket No. 260, at 1 ("A party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment.").

[29] *Stampin' Up!, Inc. v. Hurst*, No. 2:16-cv-00886, 2018 WL 2018066, at *3 (D. Utah May 1, 2018) (internal quotation marks and citation omitted).

[30] *Id.* (quoting *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)).

[31] *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (internal quotation marks and citation omitted); *see* Docket No. 251, at 28–34. New Jersey law shall govern the Purchase Agreement "and the rights and obligations of the parties thereto." Docket No. 128-4 ¶ 23.

Upon review of the Third Amended Complaint, the Court finds that the allegations, accepted as true, contain sufficient facts to state a claim for breach of contract by (1) failing to install the Solar System in accordance with engineered plans; (2) failing to complete installation of the Solar System by December 31, 2019, or within a reasonable time thereafter; (3) failing to perform all work in a good and workman-like manner; (4) failing to promptly correct work that does not conform to the Purchase Agreement and to the Engineered Plans; (5) failing to complete the Interconnection Application and approval process; (6) failing to convey title for work covered by all payments free and clear of liens, security interest, or other encumbrances adverse to Plaintiffs' interests; and (7) failing to apply the roof coating and the installation in a manner to obtain the manufacturer's warranties.[32]

Next, "[t]he covenant of good faith and fair dealing calls for parties to a contract to refrain from doing 'anything which will have the effect of destroying or injuring the right of the other party to receive' the benefits of the contract."[33] The plaintiff must show that "the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties."[34] After review of the Third Amended Complaint, the Court finds that the allegations, accepted as true, contain sufficient facts to state a claim for breach of good faith and fair dealing.

The Court next turns to damages. Federal Rule of Civil Procedure 55(b) states that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine

---

[32] Docket No. 128 ¶ 183.

[33] *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 396 (N.J. 2005) (quoting *Palisades Props., Inc. v. Brunetti*, 207 A.2d 522, 531 (1965)).

[34] *Id.* (internal quotation marks and citation omitted).

the amount of damages." However, if "the amount claimed is a liquidated sum or one capable of mathematical calculation," a court may enter judgment without a hearing.[35]

Plaintiffs' Third Amended Complaint seeks an award of compensatory damages and interest. In its Motion, Plaintiffs seek damages in the amount of $4,981,957.00. This amount is based on an expert report by Plaintiffs' expert, Stephen J. Scherf, in which he calculated the damages attributable to both Axos Bank and Solar Experts after the Court's Order on the summary judgment motions. The report states the following:

**Table 1 – Summary of Damages[36]**

| Description | Amount (Solar Experts) | Amount (Axos) |
|---|---|---|
| Costs to complete the solar system | $173,488 | |
| Cost and Additional Losses Due to Roof Damage | 4,163,455 | |
| Overcharges | | 2,412,988 |
| Lien | 545,910 | 545,910 |
| Legal Fees and Costs - Lien | 99,104 | 99,104 |
| Total | $4,981,957 | $3,058,002 |

---

[35] *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (citation omitted); *see Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) ("Rule 55 of the Federal Rules of Civil Procedure . . . does not require that the district court receive evidence on the claimed damages amount before entering default judgment; rather, the Rule simply allows the district court to conduct a hearing if it believes that additional investigation or evidence is necessary.") (citation omitted).

[36] Docket No. 270, at 11. This report excludes delay damages as the Court previously granted summary judgment to Defendant precluding Plaintiffs' recovery based on delay. *Id.* at 6.

Upon review of Mr. Scherf's updated report, the exhibits, and the Third Amended Complaint, the Court finds there is sufficient information to award damages in the amount of $4,981,957.00 to Plaintiffs.

### B. Motion to Bifurcate

Plaintiffs and Defendant Axos Bank filed a Motion to Bifurcate to separate the claims related to Solar Experts and those related to Axos Bank. Based upon default judgment being entered against Solar Experts above, the Court will deny this Motion as moot.

### C. Motion to Dismiss

The Court next turns to Widi Jr.'s pro se Motion to Dismiss and for an Award of Attorney's Fees. Widi Jr. asks the Court to dismiss him from the Complaint. However, there are no pending claims against him as those claims were resolved in his favor on summary judgment. Therefore, the Court denies Widi Jr.'s Motion to Dismiss as moot.

Widi Jr. also seeks an award of attorney's fees. Plaintiffs object, arguing that under Utah law, attorney's fees are not warranted because Widi Jr. has not demonstrated that the claims are without merit and were brought in bad faith.[37]

The Court granted summary judgment in favor of Widi Jr. on two civil RICO claims. Under RICO, a plaintiff is entitled to recover attorney's fees,[38] but the statute does not provide a means for a prevailing defendant to do so.[39] Courts have not "construed this provision as precluding an award of fees to a prevailing defendant when authorized elsewhere,"[40] however, Widi Jr. does not provide an alternate basis for awarding fees. Further, as discussed below, the

---

[37] Docket No. 267, at 6.

[38] 18 U.S.C. § 1964(c).

[39] *See Sullivan v. Hunt*, 350 F.3d 664, 665 (7th Cir. 2023).

[40] *Snyder v. Acord Corp.*, 811 F. App'x 447, 464 (10th Cir. 2020) (internal quotation marks and citation omitted).

Court does not find that this action, including the RICO claims, was brought without merit or in bad faith, therefore precluding an award of attorney's fees under Utah law. The Court will therefore deny attorney's fees on the RICO claims.

The Court also granted summary judgment in favor of Widi Jr. on both claims of fraud and civil conspiracy. Under Utah law, "[i]n civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith."[41] Having spent considerable time presiding over this matter, the Court cannot conclude that this action was without merit or brought in bad faith. Accordingly, the Court will deny attorney's fees in favor of Widi Jr as it relates to these claims.

D. Widi Sr.'s Objection, Motion, and Reconsideration

Widi Sr., acting on behalf of Solar Experts, seeks a number of remedies from the Court. However, as a limited liability company, Solar Experts must be represented by an attorney admitted to practice in the District of Utah.[42] Solar Experts has again failed to follow the Court's order to obtain counsel to file a notice of appearance and the Court will not address the arguments raised pro se. Further, parties are responsible for notifying the Court of any change in address.[43] Plaintiffs properly served Solar Experts at the address on file with the Court. The Court will therefore overrule the Objection and deny the Motion.

---

[41] Utah Code Ann. § 78B-5-825.

[42] DUCivR 83-1.3(c)(2).

[43] DUCivR 83-1.3(e).

III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Default Judgment (Docket No. 269) is GRANTED; It is further

ORDERED that Plaintiffs' and Axos Bank's Motion to Bifurcate (Docket No. 262) is DENIED AS MOOT; It is further

ORDERED that Defendant Widi Jr.'s Motion to Dismiss and for Attorney's Fees (Docket No. 264) is DENIED; It is further

ORDERED that Defendants Widi Sr.'s and Solar Experts Objection to Plaintiff's Motion for Default; Motion to Dismiss for Lack of Jurisdiction; Response to Motion to Bifurcate; and Reconsideration of Order Granting Withdrawal of Counsel (Docket No. 274) is DENIED.

DATED January 27, 2025.

BY THE COURT:

_____

TED STEWART
United States District Judge