IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| 100 MOUNT HOLLY BYPASS et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AXOS BANK, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE NOS. 4 AND 6<br><br>Case No. 2:20-cv-00856-TS<br><br>Judge Ted Stewart |

    This matter comes before the Court on Defendant Axos Bank's Motions in Limine Nos. 4 and 6 filed in anticipation of the bench trial beginning on September 22, 2025. For the reasons discussed below, the Court will deny the Motions.

    Defendant seeks to exclude the Expert Reports and testimony of Plaintiffs' experts, James Schallheim, Ph.D. and Stephen J. Scherf under Federal Rules of Evidence 702 and 403. The parties agree that the two remaining issues before the Court are: "(1) the date the Lease Term should commence, and (2) what amount of damages, if any, Plaintiffs are entitled to receive."[1]

    Rule 702 imposes a gatekeeper obligation on the court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[2] Specifically, the court "must first determine whether an expert is 'qualified by knowledge, skill, experience,

---

[1] Docket No. 291, at 7.

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

training, or education to render an opinion.'"[3] Second, the court must determine whether the expert opinion is reliable.[4] "At the Rule 702 gatekeeping stage, district courts must avoid weighing the credibility or persuasiveness of the competing experts' ultimate conclusions."[5] However, the court should "liberally admit expert testimony, and . . . has broad discretion in deciding whether to admit or exclude expert testimony."[6] Defendant does not challenge either expert's qualification, therefore, the Court will only address the expert's reliability under *Daubert*.

Federal Rule of Evidence 402 provides that only relevant evidence is admissible. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[7] Rule 403 permits the exclusion of otherwise relevant evidence "[i]f its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

---

[3] *Milne v. USA Cycling, Inc.*, 575 F.3d 1120, 1133 (10th Cir. 2009) (quoting *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001)).

[4] *Id.*

[5] *Heer v. Costco Wholesale Corp.*, 589 F. App'x 854, 862 (10th Cir. 2014) (citation omitted).

[6] *Armstrong v. Sabin*, No. 2:20-CV-261-TS-DAO, 2021 WL 1530213, at *1 (D. Utah Apr. 19, 2021) (quoting *United States v. Ganadonegro*, 805 F. Supp. 2d 1188, 1197 (D.N.M. 2011)); *United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995); *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 647 (10th Cir. 1991)).

[7] Fed R. Evid. 401.

A. Motion in Limine No. 4

Defendant moves to exclude Plaintiffs' expert, James Schallheim's testimony and Report from trial as not relevant to the remaining issues.[8] Mr. Schallheim is expected to testify about "Axos' anticipated yield for the lease in comparison to the industry average for equipment financing"[9] and "the minimal credit risk posed by Plaintiffs such that Axos had sufficient security to commence the lease."[10]

Defendant first argues that Mr. Schallheim's opinions relate to claims already decided at summary judgment and are therefore not relevant or helpful to the remaining issues. To support its argument, Defendant points to the Court's prior Order denying Defendant's motion to strike portions of James Schallheim's report as moot.[11] There, Defendant sought to exclude opinions in the "Lease Yield and Credit Risk" section of Mr. Schallheim's Report arguing that he improperly sought to "circumvent the express terms of the agreement" and "use[d] extrinsic evidence to rewrite the agreement."[12] The testimony at issue in that motion was Mr. Schallheim's opinions concerning whether the pricing terms in the Master Lease Agreement were reasonable or justified using extrinsic evidence of industry standards.

Defendant argues that because the Court denied the previous motion to strike as moot, Mr. Schallheim's opinions are "no longer relevant or helpful to the remaining issues as required under Rule 702."[13] The Court does not agree. The prior motion only addressed one section of

---

[8] Docket No. 296, at 2.

[9] Docket No. 305, at 8–9.

[10] *Id.* at 9.

[11] Docket No. 252, at 3.

[12] Docket No. 142, at 4.

[13] Docket No. 296, at 4.

3

Mr. Schallheim's Report, and Defendant does not raise any other arguments regarding specific opinions in the Report that would not be reliable or relevant. Plaintiffs assert that this specific opinion and Mr. Schallheim's testimony as a whole is relevant because "it goes to whether Axos' refusal to commence the lease was *objectively reasonable*."[14]

In *Attorney General of Oklahoma v. Tyson Foods, Inc.*,[15] the Tenth Circuit considered a district court's decision to admit expert testimony over concerns regarding the methods and reliability underlying the opinion. The Tenth Circuit recognized that "a judge conducting a bench trial maintains greater leeway in admitting questionable evidence [and] weighing its persuasive value upon presentation."[16] While, here, Defendant is not contesting the reliability of Mr. Schallheim's opinions, the Court concludes that the same "broad discretion" applies.[17] At this juncture, the Court will not exclude the entirety of Mr. Schallheim's testimony and Report based on relevance, however at trial Defendant may object if necessary. The Court urges Plaintiffs to be mindful of the remaining issues before the Court when conducting their direct examination.

Defendant also argues that Mr. Schallheim's opinion that Axos had incentive to delay installation of the Solar System should be excluded under Rule 403 because any probative value it may have is greatly outweighed by the danger of unfair prejudice to Axos. However, "excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice is improper.'"[18]

---

[14] Docket No. 303, at 3.

[15] 565 F.3d 769 (10th Cir. 2009).

[16] *Id.* at 780.

[17] *Id.* at 779.

[18] *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009) (quoting *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)).

Defendant also challenges this opinion under Rule 702(b) arguing that it is not based on any evidence produced by the parties or any other relevant or reliable information. Plaintiffs counter that it is based on review of the contract terms and is supported by Axos corporate designee, Kristy Phillips' deposition testimony about progress funding payments and Axos Bank's standard practices.[19] As discussed above, the Court has broad discretion in a bench trial in admitting expert testimony. Further, "the full burden of exploration of the facts and assumptions underlying the testimony of an expert witness [is] squarely on the shoulders of opposing counsel's cross examination."[20] Accordingly, the Court will deny the Motion.

B. Motion in Limine No. 6

Defendant seeks to exclude Stephen J. Scherf's Expert Report and testimony from trial arguing that it is not reliable or helpful.[21] On August 26, 2025, Mr. Scherf provided his Third Supplemental Expert Report which is updated to include damages related only to Axos and to reflect the Court's Summary Judgment Order.[22] Mr. Scherf is expected to testify regarding the damages sustained by Plaintiffs as a result of Axos' failure to commence the Lease.[23]

Defendant argues that Mr. Scherf's testimony is not reliable for two reasons: (1) "because it rests on an erroneous understanding of what constitutes an 'overcharge'"[24] and (2) "because Scherf states, without any evidentiary support, that 'Axos refused to pay the balance owed to

---

[19] Docket No. 303, at 4; *see* Docket No. 303-2.

[20] *Aspen Highlands Skiing Corp. v. Aspen Skiing Co.*, 738 F.3d 1509, 1524 (10th Cir. 1984) (internal quotation marks and citation omitted).

[21] Docket No. 301.

[22] *Id.* at 4–5; Docket No. 301-1.

[23] Docket No. 305, at 9; Docket No. 301-1, at 5.

[24] Docket No. 301, at 3.

5

Solar Experts, which led Solar Experts to file a lien.'"[25] The Tenth Circuit has previously held that a district court does not abuse its discretion in admitting an expert's testimony grounded in contested assumptions when there is some support in the record for the expert's assumptions.[26] The Court finds that there is some basis for the assumptions and as above, Defendant can explore those facts and assumptions during cross-examination of Mr. Scherf.

Defendant also asserts that Scherf's calculations are not helpful because "they are not based on independent expert analysis and are a product of simple math."[27] "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."[28] "[U]nder Fed R. Evid. 702 'the touchstone of admissibility is helpfulness to the trier of fact.'"[29] However, "[d]oubts about whether an expert's testimony will be useful 'should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusions.'"[30]

Defendant made the same argument to exclude Mr. Scherf's calculations in its motion to strike Portions of Asterion Consulting expert report.[31] There, the Court concluded that while the contested exhibits involved simple addition, Mr. Scherf's analysis and assessment of the

---

[25] *Id.* at 4 (quoting Docket No. 301-1, at 7).

[26] *See Aspen Highlands Skiing Corp.*, 738 F.2d at 1523–24; *BC Tech, Inc v. Ensil Intern. Corp.*, 464 Fed. App'x 689, 704 (10th Cir. 2012) ("The [expert's] assumptions were certainly subject to debate but had sufficient evidence support to pass the admissibility threshold.").

[27] Docket No. 301, at 4.

[28] *Daubert*, 509 U.S. at 591–92.

[29] *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1993) (quoting *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991)).

[30] *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1993) (quoting J. Weinstein & M. Berger, Weinstein's Evidence, ¶ 702[02], p. 702–30) (1988).

[31] Docket No. 144.

information provided to him for his calculations and Tenth Circuit case law supported the inclusion of his testimony as helpful to the factfinder.[32]

Again, here, the Court will allow Mr. Scherf's testimony on this basis. As the Court previously stated "[c]ontrary to Axos' assertions, 'there is not . . . an implicit requirement in Fed. R. Evid. 702 for the proffered expert to make complicated mathematical calculations.'"[33] "And, 'forensic accountants routinely rely, surely to no one's surprise, on the books and records and the financial information . . . provided.'"[34] Further, as before, Defendant does not assert any "strong factors" for the Court to exclude the testimony based on usefulness.

The Court also rejects Defendant's argument that Mr. Scherf's testimony should be excluded as needless presentation under Rule 403 because it "parrots the economic framework designed by counsel and is a product of simple math."[35] For the same reasons explained above, the Court finds that the probative value of Mr. Scherf's testimony is not substantially outweighed by the danger of needless presentation of cumulative evidence. Accordingly, the Court will deny the Motion.

---

[32] Docket No. 252, at 5–7.

[33] *Id.* at 6–7 (quoting *WWP, Inc. v. Wound Warriors Fam. Support, Inc.*, 628 F.3d 1032, 1040 (8th Cir. 2011)).

[34] *Id.* (quoting *WWP, Inc.*, 628 F.3d at 1040).

[35] Docket No. 301, at 4.

It is therefore

ORDERED that Defendant Axos Bank's Motions in Limine Nos. 4 and 6 (Docket Nos. 296 and 301) are DENIED.

DATED September 18, 2025.

                                      BY THE COURT:

                                      _____

                                      TED STEWART
                                      United States District Judge