IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| 100 MOUNT HOLLY BYPASS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AXOS BANK et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AND GRANTING DEFENDANT'S MOTION TO QUASH GARNISHMENT<br><br>Case No. 2:20-cv-000856-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This matter comes before the Court on Plaintiffs' Motion to Amend the Court's Findings of Fact and Conclusions of Law[1] and Defendant Axos Bank's Motion to Quash Garnishment.[2] For the reasons discussed below, the Court will deny Plaintiffs' Motion and grant Axos Bank's Motion.

A. Motion to Amend

In September 2025, the Court held a bench trial in this matter to determine when the lease agreement between Plaintiffs and Defendant Axos Bank should have commenced, and any damages flowing therefrom. Thereafter, on June 11, 2026, the Court issued its Findings of Fact and Conclusions of Law. Plaintiffs now file the present Motion pursuant to Federal Rule of Civil

[1] Docket No. 349.

[2] Docket No. 340.

Procedure 52(b) asking the Court to supplement its findings and amend its conclusions of law to accurately reflect the trial record as it relates to Plaintiffs' claims for damages.

Rule 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." "Rulings on motions under Rule[] 52(b) . . . are committed to the sound discretion of the district court."[3] "[A] Rule 52(b) motion is not intended as a vehicle for rehearing on the merits, to relitigate old issues, or to advance new legal theories."[4]

Having reviewed the Findings of Fact and Conclusions of Law, the underlying briefing, and the present Motion, the Court finds no basis for altering or amending its findings of fact and conclusions of law. Plaintiffs disagree with the Court's findings of fact and conclusions of law for the reasons stated in their prior arguments, which the Court rejected. Accordingly, the Court will deny the Motion.

B. Motion to Quash

In February 2026, Plaintiffs applied for a writ of garnishment seeking garnishment of outstanding payments owed by Axos Bank to New Jersey Clean Energy Solutions, LLC from Axos Bank.[5] Thereafter, the Clerk of the Court issued the writ and Axos Bank filed the present Motion to Quash on the basis that the default judgment that was entered as to New Jersey Clean Energy Solutions, LLC was not a final judgment.

---

[3] *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998) (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 331 (1971)).

[4] *Blalock v. Wilson*, No. 1:04 CV 2156, 2006 WL 8441275, at *1 (N.D. Ohio Aug. 22, 2006); *see also Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 91 (D.D.C. 2017); *Su v. Med. Staffing of Am., LLC*, No. 2:18-cv-226, 2023 WL 8481009, at *2 (E.D. Va. Dec. 7, 2023).

[5] Docket No. 338.

Federal Rule of Civil Procedure 64(a) provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Remedies under Rule 64(b) include garnishment. Utah Rule of Civil Procedure 64D(a) provides that "[a] writ of garnishment is available to seize property of the defendant in possession or under the control of a person other than the defendant. A writ of garnishment is available after final judgment or after the claim has been filed and prior to judgment." There are additional grounds required to issue a writ of garnishment before judgment, which are not included in the motion for the writ and not addressed by the briefing here.

Federal Rule of Civil Procedure 54(b) provides that

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities.

Axos Bank asserts that the Court did not expressly determine that there was no reason for delay, and as such, the default judgment was not a final judgment. Indeed, the Committee Notes on the 2015 Amendment to Federal Rule of Civil Procedure 55 make clear that "[a] default judgment that does not dispose of all of the claims among all parties is not a final judgment unless the court directs entry of final judgment under Rule 54(b)."[6] Because the judgment was not final at the time the writ was issued, the Court will grant the Motion to Quash. However,

[6] Fed. R. Civ. P. 55 advisory committee's notes to 2015 amendment.

because the Court has now issued a final judgment in the matter, Plaintiffs may renew their motion as to the funds.

It is therefore

ORDERED that Plaintiffs' Motion to Amend (Docket No. 349) is DENIED. It is further

ORDERED that Defendant Axos Bank's Motion to Quash (Docket No. 340) is GRANTED.

DATED September 16, 2026

BY THE COURT:

TED STEWART
United States District Judge